BLAKELY v. FIDELITY MUT. LIFE INS. CO.

(Circuit Court of Appeals, Third Circuit. April 19, 1907.)

No. 25.

**INSURANCE—RIGHT TO RESCIND CONTRACT FOR ANTICIPATORY BREACH—ELECTION.**

Where an assessment life insurance company and a policy holder differed as to the construction of the contract, and the company made an assessment which the policy holder thought excessive and refused to pay, but

tendered a smaller sum, his action was an election to stand on the contract as still in force, which election was final; and he could not afterward maintain an action in disaffirmance of the contract on the ground that the act of the company in making the assessment was an anticipatory breach.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 143 Fed. 619.

W. C. Blakely, G. H. Stein, and W. B. Linn, for plaintiff in error.

Ira Jewell Williams and Simpson & Brown, for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below John Blakely, the plaintiff in error, herein called plaintiff, sued the Fidelity Mutual Life Insurance Company, the defendant, to recover damages for breach of its contract to insure. The plaintiff in 1879, at the age of 48, took out a policy upon his life from defendant on the mutual plan, and paid assessments of different amounts thereon until the one of $99.75, payable April 1, 1902, which was for the months of December, 1902, and January, February, and March, 1903. Before that assessment matured a difference arose between plaintiff and the company as to the proper construction of the policy. There was no repudiation or cancellation of such policy by the company. On the contrary, it stood on it, and, as construed by it, made an assessment thereon of $99.75. Nor did the plaintiff treat defendant's action as a repudiation of the contract, or accept it as a tendered breach and repudiation thereof. He simply insisted that defendant was not warranted by its terms in making as large an assessment as it did, and tendered $86.15, which he contended was the assessment the contract justified. This refused tender he stood on for ten months as continuing the policy in force, when by bringing this suit he then for the first time elected to treat the policy as at an end by reason of the alleged breach by the company and the acceptance of such breach by him. On these facts the plaintiff brought suit in disaffirmance of the contract in the court below, which court entered judgment non obstante veredicto against him. Thereupon he sued out this writ of error, assigning this for error.

Now, to warrant judgment by the court below in his favor, the plaintiff, under the ruling of this court in Supreme Council v. Lippincott, 134 Fed. 824, 67 C. C. A. 650, 69 L. R. A. 803, had to show, first, that the defendant breached its contract by anticipation, and, secondly, that such breach was accepted and acted upon by him as a repudiation of the contract. The defendant in the present case stood on its contract as made. It did not attempt to change its provisions. Its position was simply a contention for an alleged construction. It insisted upon carrying it out, and in doing so levied a certain assessment. The plaintiff likewise stood on the policy. He, too, insisted on carrying it out, and in doing so tendered a certain premium. Under the proofs here shown it is clear the plaintiff did not treat and accept the defendant's action as a breach by anticipation, and then elect to consider the contract as at an end. On the contrary, he treated the con-

tract as in life and tendered such assessment as he deemed would continue it in force. This was an express, unequivocal election, which, standing without change for 10 months, he could not, by bringing suit, then convert into an acceptance of an alleged anticipatory breach. The court below was warranted in holding this case was governed by our decision in Supreme Council v. Lippincott, supra; for of this case it may be, as was there, said:

"The principle of the finality of an election once made is applicable, we think, to the present case."

The judgment is therefore affirmed.