## THE COUNTY OF GALVESTON V. C. M. NOBLE ET ALS.

### (Case No. 1460.)

1. DEMURRER TO JURISDICTION.— Where there is a demurrer to the jurisdiction of the court, and the record fails to show any action thereon, all parties before the court are taken to have submitted to its jurisdiction.

2. KEEPING PRISONERS — COUNTY MUST PAY FOR — FORFEITED BAIL BOND.— Under the code the expense of keeping prisoners indicted within its limits devolves upon each county, notwithstanding any change of venue, and as a recompense for this the amount collected on a forfeited bail bond should be paid to such county.

3. ATTORNEY'S FEES IN INJUNCTION SUIT — PAID BY COUNTY BRINGING SUIT.— The sheriff of a third county had collected under execution the amount of the forfeiture, and having been enjoined at the suit of the county in which the case originated from paying over the money to the county from which the execution issued, became liable for attorney's fees for preparing an answer requiring the two other counties to interplead. Held,

(1) That the attorney's fees be paid out of the funds in the sheriff's hands.

APPEAL from Harris.

Davis & Sayles and Sam R. Perryman, for Liberty county.— Under our system of laws for the administration of justice, each county is required to bear the burdens at-

tending the prosecution of every cause, civil or criminal, within its borders, and, as a reasonable and natural consequence, the county wherein the cause is pending is entitled to all the benefits accruing or incident thereto, from and after its jurisdiction attaches; and the fact that, in a criminal case, the county in which the offense is committed or the prosecution is begun is made liable for the safe-keeping of the prisoner on a change of venue, or where there is no safe jail, in no wise affects this rule which from time immemorial has been recognized by the courts and country. Rev. Civ. Stat., arts. *(Injunction)* 2873, 2874; State Const., art. II, sec. 1; id., art. 1, sec. 28; Rev. Civ. Stat., arts. 677, 685; *(Bail Bond)*, Code Cr. Pr., arts. 282, 285, 473, 494, 496; *(Change of venue)*, 585–589; *(Forfeiture)*, 441–444, 446, 449; Pas. Dig., art. 3382; 1 High on Inj., §§ 9, 13, 20; id., 2d vol., §§ 1550, 1551, 1556, 1323, 1326, 1249; Howard *v.* Parker, 49 Tex., 242; State *v.* McGlynn, 20 Cal., 233; 9 How (U. S.), 386; 4 Wall., 475; 19 Tex., 113, 114; 25 Tex., 83; *(As to County Finances)*, Rev. Civ. Stat., arts. 934–949, 951–957, 960–968; State Const., art. XI, secs. 1–4, 6.

*Jones & Garnett*, for Noble.

*W. B. Denson*, for Galveston county.

BONNER, ASSOCIATE JUSTICE.— Precedence was given to this case under rule 59, because one relating to the administration of government, and of general public interest.

The suit is, in effect, one to decide between the counties of Galveston and Liberty the right to the money in controversy.

The district court of Harris county had general jurisdiction over the amount in suit, and the original defendant, C. M. Noble, resided in that county. The fact that Liberty county was afterwards made a party defendant

should not oust the jurisdiction which had already attached in Harris county. Besides, although the question of jurisdiction was presented by Liberty county by demurrer, yet the record fails to show any action thereon; on the contrary, all parties in interest being before the court, submit to its jurisdiction and enter upon the trial.

The motion to dissolve the injunction was not passed upon until the final trial on the merits, and as the injunction was simply ancillary to the main proceeding, it is not material to decide whether it was originally properly granted or not.

Neither the old nor the Revised Statutes, so far as we are advised, designates in express terms the county to which the money belongs, when, in a case like the present, the venue has been changed and a bail bond taken and forfeited in the county to which changed.

Article 980, Code Crim. Proc., in force when this forfeiture was taken, requires that money collected on bail bonds shall be paid over, by the officer collecting the same, to the proper county. This in an ordinary case would require the officer to pay it over to the county where the forfeiture was taken and from which the execution issued — due return being required by the execution to be made to the proper court of that county; and it was not intended that the officer should be the judge, otherwise than as commanded in the writ, to what county the money should be returned. But the question here is, not to what county defendant Noble should have paid the money had no proceedings been taken against him, but whether the court below, on a contest of title to the money, rightly decided that it belonged to Liberty county.

Under our code the state does not assume to pay but a limited character or amount of costs in criminal cases, but each county is made responsible for expenses for the safe-keeping, support and maintenance of prisoners indicted for offenses therein; and this expense still devolves upon

that county, notwithstanding there may be a change of venue to another. Code Crim. Proc., arts. 1062, 1073; Pasch. Dig., arts. 3388, 3395.

To recompense, in part at least, for this outlay, the amounts collected in bail bonds are not required to be paid into the state treasury for the benefit of the state at large, but into the county treasury. Code Crim. Proc., art. 980; Pasch. Dig., arts. 3272–3.

It would seem, therefore, both from principle and from the intention and policy of the legislature, that this money should belong to that county which had borne the burden.

The testimony shows that Galveston county expended a large amount — the one-half of $5,608.89 — for food, guards, transportation, etc., of the prisoner Andrew J. Walker, and whose bond was forfeited, and it does not appear that Liberty county expended anything. The amount of the fees to the individual officers was but small, and appear to have been taxed in the execution and paid out of its collection.

We are of opinion that the net amount collected on the bail bond belongs to the county of Galveston, and that the court below erred in deciding otherwise.

Defendant Noble, by his sworn answer, avers that he had no interest in the suit further than to be protected in the payment of the money to the true owner, and brings it into court, and prays that the proper additional parties be made, and that they be required to interplead. He further prays that he be allowed reasonable attorney's fees. The testimony shows that he paid, as such, the sum of $200, for which he obtained judgment against Galveston county.

Although the judgment recites that the same was allowed "by reason of the wrongful suing out and service of the writ of injunction by said plaintiff," yet under the pleadings and evidence it is evident that it was allowed

as attorney's fees. The testimony would seem to show that the service for which the charge was made was rendered before Liberty county was made a party, and therefore that the same should not be charged against that county; yet there was error in this part of the judgment, in so far as it adjudged this sum absolutely against Galveston county, instead of ordering it to be paid out of the funds in the hands of the sheriff.

The judgment below is reversed and ordered to be rendered in this court in favor of the county of Galveston for said sum of $3,320.50, and in favor of C. M. Noble for the sum of $200, and that he pay said sum of $3,320.50, less the $200 to be retained by him, to the proper officer of Galveston county. And it is further ordered, that the county of Liberty pay the other costs of this suit in this court and of the court of Harris county expended.

REVERSED AND RENDERED.