GRAND LODGE ANCIENT ORDER OF UNITED WORKMEN v.
JOSEPH STUMPF.

Decided October 31, 1900.

**1.   Abatement—Waiver.**

A plea that defendant, sued as a corporation, was not one, but a voluntary association, being in abatement only, was waived where it followed a plea of general denial and defendant did not appear to have invoked a decision upon it, but had agreed that if a former judgment by default was set aside the court should determine the merits of the case without a jury.

**2.   Benefit Insurance—Change of Constitution Not Retroactive.**

A member of a benevolent order had named his creditor as the beneficiary of his life insurance, agreeing to comply with all laws then or thereafter to be enacted by the order. A subsequent amendment of its constitution enacted that, "The beneficiary named in the beneficiary certificate shall be confined to one or more of the family of the member, or some person related to him by blood or who shall be dependent upon him." Held, that such amendment was not, by its terms, retroactive in effect and did not prevent recovery by the creditor, as beneficiary, on the death of the member.

APPEAL from Travis, Fifty-third District. Tried below before Hon. F. G. MORRIS.

*Robson & Duncan,* for appellant.

*Wm. Von Rosenberg, Jr.,* and *West & Cochran,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee sued appellant upon a benefit certificate issued December 15, 1882, to F. Brower, for the sum of $2000, payable to appellee at the death of Brower. The case was submitted to the court without a jury and judgment rendered for plaintiff. The de-

fendant has appealed and asks this court to reverse the trial court and render judgment for it.

The case was submitted to the court below upon an agreed statement of facts, which was adopted by the trial court as conclusions of fact, with the further finding that Brower had no notice of the legislation enacted by the defendant in 1885, prescribing qualifications of beneficiaries in benefit certificates.

We adopt the action of the trial court as to the facts, but deem it unnecessary to set them out in detail in this opinion. It is sufficient to say, and it is not disputed on behalf of appellant, that if the suit was properly brought, and the certificate sued on was not subject to, and affected by, what is termed the legislation or change in appellant's constitution made in 1885, the judgment is correct and should be affirmed. Though not so presented in appellant's brief, we will dispose of these questions in the order here stated.

1. Appellant is sued as the Grand Lodge Ancient Order of United Workmen of Texas, a corporation duly chartered. It answered under the same name, the answer containing (1) a general denial; (2) a denial under oath that it was a corporation, with further averments that it was a voluntary association, organized for the purpose of charity and benevolence. There were other paragraphs in the answer specially pleading certain defensive matters.

The record fails to show that the plea alleging that the appellant was not a corporation was called to the attention of and ruled upon by the court. On the contrary, the judgment recites the fact that it was agreed between the parties that if the court should grant appellant's motion to set aside a former judgment by default, "that the court shall thereupon determine the merits of the case upon the pleadings and said agreed statement of facts without the intervention of a jury." The plea referred to did not relate to the merits of the case, but had reference only to the capacity in which the defendant was sued. Hence, we are of opinion that it was a plea in abatement; and, not having been filed in the due order of pleading, but following after the general denial, and a ruling of the court not having been invoked thereon, and appellant having consented to a trial upon the merits without any ruling upon the plea in abatement, it must be considered as waived. Rev. Stats., arts. 1268, 1269; Beale v. Ryan, 40 Texas, 406; County v. Noble, 56 Texas, 575; Watson v. Baker, 67 Texas, 51; Blum v. Strong, 71 Texas, 328; Hoffman v. Association, 85 Texas, 409; Jolly v. Prior, 12 Texas Civ. App., 149; Davis v. Railway, 12 Texas Civ. App., 427; Meade v. Jones, 13 Texas Civ. App, 320.

2. The second question arises upon this state of facts: At the time Brower had his benefit certificate made payable to appellee there was no law, regulation, or requirement of appellant restricting the right of a member to designate a beneficiary other than as the law governing life insurance requires a beneficiary to have an insurable interest in the life of the deceased. Appellee was a creditor of Brower, and it is not denied that he had an insurable interest in his life. It is contended, however,

that he is cut off from becoming a beneficiary under Brower's benefit certificate, because Brower in his application for membership in the Order of United Workmen agreed that compliance on his part "with all of the laws, regulations, and requirements which are or may be hereafter enacted by said order is the express condition upon which I am to be entitled to participate in the beneficiary fund and enjoy all the other privileges and benefits in said order." And thereafter, in June, 1885, during the lifetime of Brower, appellant's constitution was amended so as to read as follows: "The beneficiary named in the beneficiary certificate shall be confined to one or more of the family of the member or some person related to him by blood, or who shall be dependent upon him." As above stated, this legislation was enacted subsequent to the issuance of the benefit certificate sued upon. Appellee was not related to nor dependent upon Brower, nor was he a member of Brower's family.

Counsel for appellant contend that the amendment referred to was to have a retroactive as well as a prospective effect, and that in view of the stipulation referred to in Brower's application for membership, Brower and appellee were bound by such retrospective legislation.

Whether or not appellant had the right under the stipulation contained in Brower's application for membership to change the terms and essence of the contract, we deem it unnecessary to decide, because in our opinion the change in its constitution set out above was not intended to have a retrospective effect, and therefore has no application to pre-existing contracts. This identical question has been passed upon by the Supreme Court of Oregon, and we are so well satisfied with the conclusions reached, and the reasons therefor, that we make the following excerpt from the opinion of that court, as announced in Wist v. Grand Lodge A. O. U. W., 22 Oregon, 281:

"As the rights of the plaintiff are derived from the contract of Freeman with the society, and as his benefit certificate designating the plaintiff as his beneficiary was issued before the enactment of the law limiting the persons whom a member is entitled to designate as his beneficiary, it now becomes necessary to examine this subsequent law, and ascertain whether it is applicable to benefit certificates of members which were issued before its enactment, and if so, to what extent. That law provides: 'Each member shall designate the person or persons to whom the beneficiary fund due at his death shall be paid, who shall in every instance be one or more members of his family, or some one related to him by blood, or who shall be dependent upon him.' This language is wholly prospective in its operation. It is only intended to affect the power to appoint beneficiaries and limit its exercise after the law passed. 'Each member shall designate,' refers not to a past but to a future act to be performed by him,—that is, whenever a member shall exercise his power of appointment under this law, he shall designate a beneficiary of the classes enumerated. It applies as well to old members, revoking a former appointment and naming another as his beneficiary, as to new or old members who have never exercised their power to appoint a bene-

ficiary. The law does not undertake by its terms to disturb what has been done; it does not nullify previous appointments; it only undertakes to limit to the classes specified the power to designate beneficiaries, whenever it shall be exercised by a member. It is a settled rule of construction that laws will not be interpreted to be retrospective, unless by their terms they are clearly intended to be so. They are construed as operating only on cases or facts which come into existence after the laws were passed. Every statute, it has been said, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation or imposes a new duty, or attaches a new disability in respect of transactions or considerations already passed, must be presumed, out of respect to the Legislature, to be intended not to have a retroactive operation. Endl. Interp. Stats., sec. 273. Rights will not be interfered with unless there are express words to that effect. It is not enough that upon some principles of interpretation a retroactive construction could be given to the law, but the intent to make it retroactive must be so plain and demonstrable as to exclude its prospective operation. 'It is not enough that general terms are employed broad enough to cover past transactions,' for laws 'are to be construed as prospective only if possible.' Sedg., Stat. and Const. Law, 161.

"In fact, so great is the disfavor in which such laws are held, and so generally are they condemned by the courts, that they will not construe any law, no matter how positive in its terms, as intended to interfere with existing contracts or vested rights, unless the intention that it shall so operate is expressly declared, or is to be necessarily implied."

The court below held that if the legislation in question was intended to have a retrospective operation, there were other reasons why it should not control in the decision of this case. As we hold that it was not intended to have such effect, we deem it unnecessary to consider these other questions.

No reversible error has been suggested and the judgment will be affirmed.

*Affirmed.*

Writ of error refused.