SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY v.
MRS. B. JONES ET AL.

Decided November 5, 1902.

1.—Practice on Appeal—Question Not Raised Below.

The question of plaintiff's right to recover in the capacity in which he sues must be raised in the trial court, in order to be available as ground for reversal.

2.—Same—Sufficiency of Evidence.

Question as to the sufficiency of evidence to show plaintiff's title to property for the injury to which he sues must be raised on motion for new trial, in order to make it cause for reversal.

3.—Fire—Damages—Rental Value.

A requested instruction to consider the rental value of pasture land burned over, in determining the damage to the owner thereby, was properly refused where there was no evidence of such value except testimony as to rents paid for other pastures not shown to be of like rental value.

4.—Requested Instruction Covered by Court's Charge.

Giving a charge that in order to recover plaintiff must show that the fire originated on defendant's right of way (plaintiff having so pleaded) justifies the refusal of a requested instruction to find for defendant if plaintiff had not proved that it so originated.

**5.—Charge—Assuming Facts.**

A charge permitting recovery if fire from engines of defendant railway "caught in combustible matter which was allowed to accumulate on the right of way," does not assume that it was allowed to so accumulate, but leaves that question to the jury.

**6.—Charge—Omission—Request.**

Failure to submit defendant's theory of the case is not ground for reversal, in the absence of his request for proper charges on the subject.

Appeal from the County Court of Milam County. Tried below before Hon. R. B. Pool.

*Robson & Duncan,* for appellant.—First assignment of error: Because, under the undisputed evidence, the plaintiffs could not recover in the capacity in which they sued, in this: The evidence showed that at one time the land belonged to John Jones; that John Jones was dead and left a last will and testament in which he bequeathed the land on which the grass was burned to plaintiffs, but the evidence showed that the plaintiffs were appointed executresses of the will of John Jones, and had duly qualified as such, and filed an inventory as required by law, and the evidence not showing that the debts of the estate, etc., had been settled, nor that the executors had been discharged, no right of recovery was shown to exist in the devisees. The right of action and recovery was in the estate, and plaintiffs should have sued as executors, and not in their own right.

Second assignment of error: Because the court erred in refusing to give to the jury charge number 1, requested by the defendant, and which reads as follows: "On the question of damages, you are charged that it is the purpose of the law to compensate the injured party for the damages done to him or her, and place him or her in their former condition. In this case you are authorized to consider the reasonable rental value of the pasture injured for the length of time and during the time the same was injured, and you may consider the reasonable rental value of the pasture as a circumstances in allowing damages." Because the undisputed evidence on the part of plaintiffs shows that under ordinary circumstances when grass was burned it would require about two years for it to be restored to its former condition; and the evidence showed that pastures practically as good as plaintiffs' had been rented by the year for fifty to seventy-five cents per acre. The rental value of this pasture during the time of its injury would compensate the plaintiffs for their damages.

Statement in support of second assignment: The first grass that was burned was in January, 1901, and was ten acres. The second lot of ten acres that was burned was in July, and the third lot was 150 acres in August. The first two lots were in a different pasture from the last one. The pasture in which the 150 acres were burned had had cattle on it since May 1, 1901, and there were about 130 head of cattle on it during this time, and it had been exceedingly dry, and the grass was

dry and easily ignited. The only evidence as to the value of the grass burned was a Mr. Wunch, a witness for appellees. He said the grass burned was good and better than usual. "It would have carried 125 head of cattle through the fall any way. The grass was worth $5 per acre, I think. It generally takes about two years after a burn for a tract of land to produce as well again. In my opinion the damage to the land by the fire was at least $3 per acre. There was water in the pasture at the time. The grass was about knee high. There was no better grass in the neighborhood." On cross-examination he said: "I own some pasture land in Falls County. I have been in the business of pasturing cattle for some time. My father pastured cattle. Yes, it generally takes about two years after a burn for land to produce grass as well as it did before. It is a fact that the dryer the grass is, the worse the ground is damaged. I live at Burlington now, and have been living there a little over a year. I moved there the first of the year 1901. I have rented pasture lands, and have paid 50 cents and 75 cents per acre. You could rent it for 50 and 75 cents just as long as it would run stock. The land that I rented for this price was pretty near as good as this grass. The land itself is worth just as much now as it was before the fire, but the land for pasturage purposes it not worth as much now as it was before the burn. Shortly after the burn the grass came up in places, though it was very dry."

Third assignment of error: Because the court erred in refusing to give to the jury so much of charge number 2, as requested by defendant, as reads as follows: "If you believe from the evidence that the fire did not originate on the defendant's right of way, or if you believe that the plaintiffs have failed to show affirmatively that said fire did begin on defendant's right of way, then you should find on this issue for the defendant." Because the plaintiffs alleged that the fire originated on the defendant's right of way. The evidence did not show where the fire began, and the undisputed evidence showed that the defendant's engines were properly equipped with the best and most approved spark-arresters, and were in good order and were at the time of the fire properly and skillfully handled. The defendants had the right to have the issue submitted to the jury, and to have the jury told that if the evidence failed to establish these issues to find for the defendant.

The court refused the charge requested, but attempted to present the matter in his own charge, but did it in a negative manner. He told the jury that, in order to recover, the plaintiffs had to prove that the fire originated on the defendant's right of way, but in no place did he tell the jury to find for the defendant if the proof failed to do so. If the charge requested was a proper charge and in the proper form, and the appellant was entitled to the charge, the court should have given it as requested, and not have given it in a diluted form.

Fifth assignment of error: Because the court erred in giving to the jury that part of the charge requested by plaintiff, which reads as fol-

lows: "You are further charged that though you may believe that the defendant's said engines were equipped with the most approved spark-arresters, and that defendant's said agents used ordinary care to prevent the escape of sparks, yet if you believe from the evidence that the fire caught on the defendant's right of way, from the sparks which escaped from the defendant's engines, and caught in combustible matter which was allowed to accumulate on the right of way," etc.

1. Because it was a disputed fact whether combustible matter accumulated upon defendant's right of way. 2. Because the charge assumes it as a fact that combustible matter was allowed to accumulate on the right of way. 3. The defendant had the right to have the issue submitted to the jury and have them pass upon it.

Sixth assignment of error: Because nowhere does the court submit any theory of the case looked at from defendant's standpoint.

*Hefley, McBride & Watson,* for appellees.

KEY, Associate Justice.—This is a grass-burning suit, resulting in a verdict and judgment for the plaintiff, and the defendant has appealed.

The first assignment of error challenges plaintiffs' right to recover in the capacity in which they sued. This question was not raised in the court below, and therefore it can not be raised in this court. Rev. Stats., art. 1265; Donelson v. De Ganahl, 70 Texas, 620; Grand Lodge v. Stumpf, 58 S. W. Rep., 840, and authorities there cited. If it was the intention of the assignment referred to to charge that error was committed in overruling the defendant's motion for a new trial, because the evidence failed to show that the plaintiffs had title to the property destroyed or injured by the fire, a sufficient answer is that no such point was made in the motion for new trial. That motion makes no complaint whatever of the verdict of the jury.

No error was committed in refusing the special instruction referred to in the second assignment of error. There was no evidence tending to show the rental value of plaintiffs' land after the burn, nor the rental value of pasture land similar to plaintiffs' upon which the grass had been burned. And therefore, if for no other reason, it would have been improper for the court to instruct the jury that they might consider such rental value as a circumstance in allowing damages.

The special instruction referred to in the third assignment and refused by the court, was covered by the general charge given by the court; and for that reason was properly refused.

We hold that the charge given by the court does not assume that combustible matter was allowed to accumulate on the defendant's right of way, but submits that issue to the jury. Hence the fifth assignment, criticising the charge in that respect, is overruled. No positive error has been pointed out in the charges given by the court. No error was committed in refusing those requested by the defendant; and if any

theory of the case relied upon by the latter was not submitted to the jury, the court's attention should have been called thereto, and the request made for a charge thereon; and therefore the sixth assignment is overruled.

No error has been shown, and the judgment is affirmed.

*Affirmed.*