ERICSON v. SUPREME RULING, FRATERNAL MYSTIC CIRCLE.

No. 2221.   Decided April 24, 1912.

1.—Corporation Assessment Insurance—Reincorporation—Rights of Insured.

A benefit society was organized under the laws of Ohio, established a subordinate lodge in Texas, and issued to plaintiff, a member thereof, a certificate of insurance conditioned on his annual payment of a named assessment. Later it transferred all its memberships, assets and obligations to a new corporation organized for that purpose under the laws of Pennsylvania, which latter company accepted such transfer and obligations. Held that by such transaction the new corporation became the head and superior of such existing subordinate lodge, and plaintiff an original member of such new organization. (Pp. 176, 177.)

2—Same—Re-rating Assessments—Corporate Constitution.

An amendment to the constitution of a benefit insurance corporation which authorized its governing body to re-rate the assessments of members when taken over from another society, did not apply to those insured as original members of the corporation, though becoming such by reason of their membership in a former corporation to which the present one succeeded by its reincorporation in a different State. Such persons were not taken over from another society within the terms of the amendment. (P. 177.)

3.—Same—Retroactive Operation of Amendment.

An amendment to the constitution of a benefit insurance company providing that whenever members are taken over from another society and are permitted to retain the benefit certificates issued to them, the executive committee might re-rate their assessments, where lower than the rates charged by the corresponding benefit plan of the company, was prospective in its operation, and did not authorize the re-rating by the committee of a member holding a certificate issued before the adoption of such amendment. (P. 177.)

4.—Benefit Society—Insurance—Re-rating Assessments.

A provision in the insurance certificate of a member of a benefit society by which he agreed to comply with the orders and by-laws of the society adopted in future had reference only to regulation of his duties and conduct as a member. It did not authorize the governing body to make a radical change in his rights, as by changing the rate of assessment provided for in his certificate from $3.30 to $23.16 per month. (P. 177.)

5.—Same—Remedy.

The unauthorized re-rating by a benefit insurance society of the assessments required of a member from $3.30 to $23.16 per month was a repudiation of its contract with him, and gave him a right to recover back the sums he had paid with interest. (P. 177.)

Error to the Court of Civil Appeals, Third District, in an appeal from Travis County.

Ericson sued Supreme Ruling F. M. C. and had judgment. Defendants appealed and judgment was reversed and rendered in their favor. Appellee then obtained writ of error.

*James H. Robertson* and *George E. Shelley,* for plaintiff in error.— The incorporation of defendant in error, and taking over the assets and contracts of its predecessor, and termination of existence of the latter, for the reasons stated for such action, amounted to merely a

change of domicile and some change in officers, the members and general organization remaining practically the same, and the finding of fact of the trial court that it was the same organization was fully supported by the evidence. 2 Clark & Marshall on Corporations, 974; Miller v. English, 21 N. J. L., 317; Church v. Brownell, 5 Hun, 464; Wilson v. O. & O. Ry. Co., 21 Grat., 654.

A re-rating of all members admitted prior to March 1, 1901, as of their ages of January 1, 1908, while those who were admitted since March 1, 1901, were required to pay on the basis of the same table of rates as of their age at admission, was an unreasonable, arbitrary discrimination against the first class of members; and it is no answer to said proposition to say that the first class of members had previously paid rates which were not adequate to carry their insurance and accumulate a reserve fund. Ebert v. Mut. Res. Assn., 81 Minn., 116; Strauss v. Mut. Res. Assn., 126 N. C., 971; Benjamin v. Mut. Res. Assn., 146 Cal., 34.

The court did not err in its conclusion of law that the defendant had no authority under its constitution and laws to adopt, or attempt to enforce, the resolution adopted by its Supreme Executive Committee, whereby plaintiff was re-rated as of his age on January 1, 1908; and that the adoption and attempted enforcement of said resolution amounted to a repudiation of plaintiff's contract. The provision under which appellant claims authority to make the re-rating of appellee herein complained of does not by its terms apply to past or existing members or contracts and should therefore be held to act on prospective members or contracts only. Cooley's Briefs on Insurance, vol. 1, p. 706; Grand Lodge v. Stumpf, 24 Texas Civ. App., 309; Wist v. Grand Lodge, 22 Ore., 281.

The Supreme Executive Committee of defendant had no authority under the constitution and laws of defendant to attempt to enforce the resolution by which plaintiff was re-rated for the reason that the language of defendant's constitution relied upon as affording a basis for the enactment of said resolution did not apply to members of the order situated as was the plaintiff. Same authorities.

Even if the language of defendant's constitution had application to members situated as was plaintiff, the provision of said certificate, obligating plaintiff "to comply in the future with all the laws, rules and regulations now governing the said Ruling and Fund, or that may hereafter be enacted by the Supreme Ruling to govern said Rules and Fund," relates only to the business methods of the defendant and the general duties of members, but not to anything which alters or diminishes the value of the contract, or impairs vested rights of the holder of the certificate, and consequently did not bind plaintiff to the action of said Supreme Executive Committee in re-rating him as complained of in this case. Vol. 1, Cooley's Briefs on Insurance, page 719, and authorities there cited; Supreme Council v. Batte, 34 Texas Civ. App., 456; Wist v. Grand Lodge A. O. U. W., 22 Ore., 271; Grand Lodge v. Stumpf, 24 Texas Civ. App., 309; Morton v. Supreme Council, 100 Mo. App., 76; Supreme Council v. Dowdall, 89 N. E., 1075; Wright v. Maccabees, 89 N. E., 1078; Rockwell v. Knights Templar, etc., N. Y. Ct. of Apps. (decided February 10,

1910, not yet reported) ; Green v. Supreme .Council, etc., N. Y. Ct. of Apps. (decided February 10, 1910, not yet reported).

The court did not err in its conclusion of law that the re-rating of plaintiff was unreasonable and unnecessary and was an arbitrary discrimination against plaintiff, for the reason that the evidence not only fails to show that such re-rating was reasonable or necessary, but, on the contrary, clearly shows that it was both unreasonable and unnecessary. Am. Legion of Honor v. Batte, 34 Texas Civ. App., 456; Pearson v. Knights Templar, etc., 89 S. W., 588; Wright v. Maccabees, 95 N. Y. Supp., 996; Covenant, etc. v. Kentner, 188 Ill., 431; Mutual, etc., Assn. v. Taylor, 99 Va., 208; Dowdall v. Supreme Council, etc., 89 N. E., 1075; Wright v. Knights of Maccabees, 89 N. E., 1078; Hibernia Fire Engine Co. v. Com., 3 Pa. St., 264; Pulford v. Detroit Fire Dept., 31 Mich., 458; Supreme Council v. Getz, 112 Fed., 119; Porefky v. Assn., 121 Mich., 456; Becker v. Benefit Society, 144 Pa. St., 232; Weiler v. Equitable Union, 36 N. Y., 734; Newhall v. Legion of Honor, 63 N. E., 1; Wist v. Grand Lodge, 64 S. W., 1070; Gaut v. Supreme Lodge, etc., 81 N. W., 220.

*L. C. McBride,* as amicus curiae, representing other litigants interested in the question, filed an argument for granting writ of error.

*Meador & Davis,* for defendant in error.—The Supreme Ruling of the Fraternal Mystic Circle is a corporation, incorporated under the laws of the State of Pennsylvania as a fraternal beneficiary association, and is a distinct and different organization and body from the Fraternal Mystic Circle, the Ohio Corporation. Whaley v. Bankers' Union of the World, 88 S. W., 261; 1 Clark & Marshall on Corporations, 98, 354; 2 Id., 1043.

Where a party joins a mutual benefit fraternal association, and he agrees "to make punctual payment of all dues and assessments for which I may become liable, and to conform in all respects to the constitution, laws, rules and usages of this order, now in force, or which may hereafter be adopted by the Supreme Ruling thereof"; and the certificate issued is payable to his beneficiaries on condition that "said member complies in the future with the laws, rules and regulations now governing the said ruling and fund, or that may hereafter be enacted by the Supreme Ruling to govern said ruling and fund," the action of said association and organization in re-rating and re-assessing said member is binding on said member, and does not disturb vested rights. Articles 2542a and 2542c, Rev. Stat. of Texas (McIlwaine) ; Acts 31st Legislature, pp. 357-8; Splawn v. Chew, 60 Texas, 537; Gray v. W. O. W., 106 S. W., 179; Byrne v. Casey, 70 Texas, 250; Eversberg v. Maccabees, 77 S. W., 246-9, 33 Texas Civ. App., 549; W. O. W. v. Fraley, 94 Texas, 200; Daughtry v. K. of P., 20 So., 712; Dornes v. K. of P., 23 So., 191; K. of P. v. Knight, 20 N. E., 479-85; Fullenwider v. Royal League, 54 N. E., 485; Reynolds v. Supreme Council Royal Arcanum, 78 N. E., 129-33; Hughes v. Wisconsin Odd Fellows, 73 N. W., 1015; Supreme Lodge v. Trebbe, 53 N. E., 730; Supreme Commandery v. Ainsworth, 71 Ala., 436, 46 Am. Rep. 332; Wineland v. Knights of the Maccabees, 148 Mich., 608;

Williams v. Supreme Council, C. M. B. A., 152 Mich., 1; Messer v. Grand Lodge U. W., 180 Mass., 321; Barbot v. Mutual Res. Fund L. Assn., 100 Ga., 681; Mutual Res. L. Assn. v. Taylor, 99 Va., 208; Richmond v. Supreme Lodge O. of M. P., 100 Mo. App., 8; Miller v. National Council K. & L. of S., 69 Kan., 234; Shepperd v. Bankers Union, 77 Neb., 85; Conner v. Golden Cross, 117 Tenn., 549; Champion v. Hannahan, 138 Ill. App., 387; Pierce v. Bankers Union, 140 Ill. App., 495; Mock v. Supreme Council, R. A., 121 App. Div. (N. Y.), 474; Haydel v. Mutual Res. Fund L. Assn., 98 Fed., 200, 104 Fed., 718; Korn v. Mutual Ass. Soc., 3 L. Ed. (6 Cranch), 195; Wright v. Minnesota Mut. L. Ins. Co., 193 U. S., 657; Polk v. Mutual Res. Fund L. Assn., 207 U. S., 310; Condon v. Mutual Res. Fund L. Assn., 44 L. R. A., 149; Supreme Lodge K. & L. of H. v. Benes, 135 Ill. App., 314.

When the carrying of any part of the membership of a fraternal insurance organization causes an encroachment upon the reserve and funds of other members, and such encroachment is on account of the fact that the membership that is encroaching upon the other members' funds are not paying adequate rates, it is both necessary and reasonable to re-rate and re-assess the members who are not paying an adequate rate, and place them on a rate equivalent to the rate paid by those who are accumulating a reserve fund. Same authorities.

Where it appears that it has cost a mutual benefit fraternal organization an amount equal to, or greater than, the amount paid in by a member of such organization, the member can not recover from said organization any amount whatever, on account of premiums paid. Same authorities.

Where a mutual benefit fraternal organization re-rates and re-assesses a portion of its membership, joining prior to a given date, in order to place them on an equal footing with members joining since said given date, and said re-rating is necessary, reasonable and not discriminatory, said action is not a repudiation of a contract held by a member joining prior to said given date. Same authorities.

Where a party is a beneficial member of a fraternal insurance organization, and carries a policy of insurance therein, payable to his beneficiaries, said beneficiaries are the only parties who have an interest in the certificate of insurance, and the insured can not maintain suit to recover premiums paid. Splawn v. Chew, 60 Texas, 534; Insurance Co. v. Wilkes, 47 S. W., 548; Bank & Hume, U. S., L. Ed., 32, 374.

*H. P. Brown* and *Crane & Crane,* also for defendant in error, in support of a motion for rehearing, which was overruled, urged: In the following cases under a reservation clause similar to the one found in this case the right to readjust rates of contributions were sustained, and we respectfully invite the careful attention to these cases by this court: Head Camp Woodmen v. Woods (Col.), 81 Pac., 261; Slohr v. San Francisco M. S. Soc., 82 Calif., 552; Barbot v. Mutual Res., etc., Assn., 28 S. E., 498; Pierce v. Bankers Union, 140 Ill. App., 495; Fullenwider v. Royal League, 73 Ill. App., 321; Fullenwider v. Supreme Council, 180 Ill., 621; Champion v. Hanne-

han, 138 Ill. App., 377; Supreme Lodge K. of P. v. Knight, 117 Ind., 489, 3 L. R. A., 409; Miller v. National Council, 69 Kan., 234; Messers .v. Grand Lodge U. W., 180 Mass, 321; Reynolds v. Royal Arcanum, 192 Mass., 150; Wineland v. Knights of Maccabees, 148 Mich., 608; Williams v. Supreme Council, 152 Mich., 1; Richman v. Supreme Lodge, 100 Mo. App., 8; Sheppard v. Bankers Union, 77 Neb., 85; Hobbs v. Association, 44 N. W., 983; Conner v. Supreme Commandery, 117 Tenn., 549; Supreme Commandery v. Ainesworth, 71 Ala., 436, 46 Am., 432; Haydell v. Mutual Reserve Fund, 98 Fed., 200, 104 Fed., 718; Clark v. Supreme Council, 140 Fed., 978; Iverson v. Minnesota Mut. Ins. Co., 137 Fed., 268; Corn v. Mutual Ins. Soc., 6 Cranch, 195; Wright v. Minnesota Mut. L. Ins. Co., 193 U. S., 657; Polk v. Mutual Reserve Fund, 207 U. S., 310.

Mr. Chief Justice Brown delivered the opinion of the court.

In the year 1884 a corporation was created under the laws of the State of Ohio by the name of the Fraternal Mystic Circle, empowered to organize subordinate lodges which should receive members and issue contracts or policies by which the corporation agreed to pay a stated sum at the death of the member to a named beneficiary, the members to be assessed given sums according to age, payable at stated times, in order to accumulate a fund to pay losses.

In the year 1893 that corporation established a lodge in Austin, Texas, and Ericson became a member, receiving a contract by which the order agreed to pay his wife $3,000.00 upon his death, he agreeing to pay any assessment made upon him, which was fixed at $3.30 each month at that time. The wife died and the children were substituted.

. In 1895 the order incorporated in Ohio became involved with the authorities of that State and five of those persons who were con-.cerned in the organization of the corporation in Ohio, acting with citizens of the State of Pennsylvania, in that State, secured a charter for the "Supreme Ruling of the Fraternal Mystic Circle."

A witness testified: "It is a fact that the Fraternal Mystic Circle was first incorporated under the laws of the State of Ohio, in December, 1884, but it is not a fact that that organization was afterwards, in 1895, moved to the State of Pennsylvania and there reincorporated or reorganized under the laws of that State with practically the same officers. The records show that only five of those who were concerned in the organization of The Supreme Ruling of the Fraternal Mystic Circle, the Pennsylvania corporation, in 1895 were officially connected with the Fraternal Mystic Circle of Ohio. The new corporation suc-ceeded to all of the assets and assumed all of the liabilities and contracts of insurance that were in force with the original Fraternal Mystic Circle, and has ever since said time collected assessments due by all members of the old concern, holding certificates or contracts by it to them, and has paid death losses arising out of the issuance of certificates issued by the Fraternal Mystic Circle of Ohio as the same accrued."

On June 5, 1895, The Fraternal Mystic Circle of Ohio adopted these resolutions:

"Whereas, the Supreme Ruling of the Fraternal Mystic Circle has been issuing certificates to members of the Fraternal Mystic Circle, under which the payments of benefits are and have been provided for; and

"Whereas, the said Supreme Ruling is an unincorporated body and voluntary association; (the association was incorporated but its legislative body was not) and

"Whereas, the Supreme Ruling of the Fraternal Mystic Circle is a corporation organized under the laws of the State of Pennsylvania; and

"Whereas, it is deemed to be for the best interest of all such certificate holders, and of all other persons concerned, that the business of said association be carried on by an incorporated body; therefore

"Be it resolved that all the memberships, assets and property of every kind and description belonging to it, be and the same are hereby transferred, set over and assigned in perpetuity to the said The Supreme Ruling of the Fraternal Mystic Circle, a corporation as aforesaid, in consideration of which the corporation assumes and agrees to discharge all liabilities of whatever kind appertaining to this body.

"Resolved further, that the trustees of this body be and they are hereby empowered and directed to make transfer of all their right to and control over the assets and securities of all kinds, held by them for the use and benefit of said certificate holders, to the said The Supreme Ruling of the Fraternal Mystic Circle, the corporation aforesaid.

"Resolved, further, that the Supreme Mystic Ruler and the Supreme Recorder are hereby authorized to execute in behalf of this body, such instruments of writing as may be necessary to carry into effect the purposes and intent of the premises, and to sign such instrument or instruments officially, and affix the seal of this body thereto.

"Resolved, further, that the transfers, assignments and assumption, hereinbefore mentioned, shall take effect and be in force upon concurrent evidence of acceptance thereof being given by resolution or otherwise by the said The Supreme Ruling of the Fraternal Mystic Circle, a corporation aforesaid."

The Pennsylvania corporation adopted these resolutions:

"Whereas, the Supreme Ruling of the Fraternal Mystic Circle, a voluntary association, at its regular annual session, holden in the city of Columbus, Ohio, on the fifth day of June, A. D. 1895, adopted certain resolutions with preamble, of which the following is a copy." The resolutions as copied above are then set out, and concludes:

"Now, therefore, be it resolved by this body, the Supreme Ruling of the Fraternal Mystic Circle, that in consideration of the transfer by said association of all its membership, property and assets, we hereby assume all the liabilities of every kind and description of said association in accordance with the resolutions hereinbefore set out, and we hereby agree to faithfully discharge all obligations due to persons holding certificates issued by said association, and their beneficiaries."

The Pennsylvania corporation, in 1907, adopted a constitution which contained this provision:

"Whenever members taken over from another society are permitted to retain the benefit certificates issued to them * * * by the society of which they were formerly members; or if the rate of assessment paid by any member is lower than the rate charged by the corresponding benefit plan of the Fraternal Mystic Circle * * * the members may be re-rated by the Supreme Executive Committee so that perfect equality shall be maintained between the members of the order."

When Ericson became a member he was forty-eight years old and his rating was $3.30 a month, which he paid until the rate was changed.

In 1908 the Executive Committee adopted a resolution requiring all of those who had been admitted into the order prior to March 1st, 1901, to be re-rated according to their ages January 1st, 1908. The ratings of members who joined the order after March 1st, 1901, were not changed.

The re-rating of Ericson placed his age at 63 years and resulted in raising his rate from $3.30 to an assessment of $23.16 per month, which he refused to pay. He instituted this suit to recover what he had paid into the order with interest, upon the ground that the order had repudiated its contract. The court gave judgment for the sum of $1,049.88, amount paid to the corporation, and $399.07, interest on the payments.

The Honorable Court of Civil Appeals reversed the judgment of the District Court and rendered judgment for The Supreme Ruling of the Fraternal Mystic Circle, and the case is before this court on writ of error.

The authority for re-rating Ericson rests solely upon the amendment to its constitution by the Supreme Ruling in 1907, copied above. The plaintiff in error claims that the amendment does not support the re-rating, because, first, he was an original member of the corporation and was not "taken over from another society"; second, because the amendment authorized the re-rating of members thereafter "taken over from another society," and not of members previously "taken over."

When a corporation is consolidated with another or becomes merged therein whether a new corporation is thereby created or the old corporation is continued will depend much upon the intention of the parties. Marshall on Corp., 467; 2 Clark & Marshall on Corp., p. 974-975; Austin v. Bank, 59 Am. St. (note), 547; Miller v. English, 21 N. J. L., 317; First Society, etc., v. Brownell, 5 Hun, 464.

The facts show with reasonable certainty that the Pennsylvania charter was procured for the purpose of receiving the membership and assets of the Ohio corporation. In fact, the entire membership and assets of the Ohio concern were transferred bodily to the Pennsylvania organization and all of the liabilities of the first were assumed by the second corporation. The new corporation became by this transaction the head and superior of the existing subordinate lodges including that at Austin; therefore Ericson was not received from

another body but was a member of the original organization under the Pennsylvania charter. The amendment of 1907 to the constitution did not confer authority upon the Executive Committee to re-rate those who were then members and their act was void as to Ericson.

The language of the amendment of 1907 did not include members theretofore taken over from other orders. Its very terms are plainly prospective, and courts will not give retroactive effect to language which is fairly susceptible of a construction which would give the law a prospective operation. Lewis, Stat. Constr., p. 1157, para. 644; Ancient O. U. W. v. Stumpf, 24 Texas Civ. App., 309; 58 S. W., 840.

The amendment to the constitution, if applied to members "taken over, etc.," after its adoption, would be valid, but we need not decide whether it would be void if it embraced Ericson and those in his class. The provision in Ericson's policy by which he agreed to comply with the orders and by-laws adopted in future is invoked to sustain the re-rating by the committee, but that had reference only to such regulations as have reference to the members, duties and conduct as a member and did not embrace an act that would produce a radical change in his rights. Morton v. Supreme Council, etc., 100 Mo. App., 76, 73 S. W., 259.

The re-rating of Ericson's policy without authority whereby the assessment against him was so greatly increased was a repudiation of his contract and gave him a right to recover the sums paid with interest. Sup. Council Am. Leg. Honor v. Batte, 34 Texas Civ. App., 456, 79 S. W., 629.

We deem it wholly unnecessary to discuss the necessities and policies of the corporation nor the moral right of the body to call upon Ericson and his class to contribute to the creation of a fund to secure the contracts of the younger members. We are concerned only with the law as applicable to existing conditions. We have no jurisdiction of fact questions as the Court of Civil Appeals had.

We are of opinion that the Court of Civil Appeals erred in reversing the judgment of the District Court and in rendering judgment against the plaintiff in error, therefore, the judgment of the Honorable Court of Civil Appeals is reversed and the judgment of the District Court is affirmed.

*Reversed and judgment of District Court affirmed.*