## LOYAL FRIENDS OF AMERICA BENEV. ASS'N v. STEWARD.

### No. 4223.

Court of Civil Appeals of Texas. Texarkana.
June 24, 1932.

Rehearing Denied July 7, 1932.

Keeney & Moseley, of Texarkana, for appellant.

Wm. V. Brown, of Texarkana, for appellee.

SELLERS, J.

George Steward filed this suit in the district court of Bowie county to recover upon a certificate of insurance issued by appellant, Loyal Friends of America Benevolent Association, upon the life of Carrie Steward, who was the wife of appellee. The petition of appellee alleged that the certificate was issued on November 5, 1925, for the sum of $500 to be paid to appellee as beneficiary in said certificate on the death of Carrie Steward in two installments or reliefs. The first installment of $200 was due and paid immediately on the death of the insured, who died April 17, 1930, and this suit is to recover the second installment of $300 which it is alleged is long past due and unpaid. The certificate sued on contains the following provision:

"Class A Membership Certificate
"No. 16600 ...... Age 37

"That if the holder of this certificate has complied with all the laws, constitution, rules and regulations of the Loyal Friends of America Benevolent Association as may now be in force, or that may hereafter be in force, and which shall be in force at the time of the death of said Comrade of the Loyal Friends of America Benevolent Association will cause to be paid to the relatives named below a portion of the Burial-Relief, not exceeding the sum of $200.00, that may have been paid in by the membership of the Loyal Friends of America Benevolent Association, within 24 hours after receipt of satisfactory proofs of death of the said Comrade herein named, and the balance which may be due under this certificate, according to the laws, constitution, rules and regulations, not exceeding the sum of $300.00, shall be payable at the annual meeting of the State Grand Lodge on the second Tuesday in July next following the death of said Comrade."

The appellant, a fraternal benefit society, denied liability for the second installment and in this connection pleaded section 3 of its constitution and by-laws, which it is alleged was a part of its contract with the insured. That portion of section 3 being material to the question here involved is as follows:

"Section 3. If the comrade named in any certificate has complied with all by-laws, constitution, rules and regulations of the Loyal Friends of America Benevolent Association, which may now be in force, or that may hereafter be in force, and which shall be in force

at the time of death of such comrade, the Loyal Friends of America Benevolent Association will cause to be paid to the relatives named in said certificate, a portion of the burial relief, which may be on hand to the credit of such burial relief fund, not exceeding the sum of $200.00 in Class A Certificates, not exceeding the sum of $100.00 in Class B Certificates, and not exceeding the sum of $50.00 in Class C Certificates, within 24 hours after receipt of satisfactory proofs of death of the Comrade named in said certificate.

"The balance which may be due under any Certificate by reason of the death of the Comrade therein named, according to the Constitution and By-Laws, rules and regulations of the Loyal Friends of America Benevolent Association, and not exceeding the sum of $300.00 under Class A Certificates, and not exceeding the sum of $200.00 under Class B Certificates, and not exceeding the sum of $50.00 under Class C Certificates, shall be payable at the annual meeting of the Grand Lodge held on the second Tuesday in July next following the death of said Comrade.

"And it is understood and agreed that should the fund on hand to the credit of said Burial-Relief be insufficient to pay said Second Relief in full to all beneficiaries entitled to receive the same under and in accordance with said Constitution and By-Laws, then such amount as shall be on hand to the credit of said Burial-Relief shall be divided equally between all beneficiaries who may be entitled to said Second Relief in accordance with the said Constitution and By-Laws."

The case was tried to a jury, and after the conclusion of the evidence the court instructed a verdict for the plaintiff for the amount sued for and upon said verdict entered judgment accordingly in favor of the appellee in the sum of $300, the balance due on the certificate together with $100 attorney's fees and the 12 per cent. penalty of $36. From this judgment the appellant has duly prosecuted this appeal.

The main question involved on this appeal is whether on the contract sued upon and the evidence offered on the trial the court was authorized to instruct the jury to return a verdict for the appellee as he did. This court has given considerable time and thought to the determination of this question, and has reached the conclusion that the trial court's action should be sustained.

■ As we view the record, the contract between the appellant and the insured is composed of the certificate issued to the insured together with the constitution and by-laws in force at the time the insured became a member thereof, together with all the amendments to the constitution and by-laws which did not have the effect of reducing the value of the certificate issued the insured. Ericson v. Supreme Ruling, **Fraternal Mystic Circle, 105** Tex. 170, 146 S. W. 160; Amarillo Mut. Benevolent Ass'n v. Franklin (Tex. Civ. App.) 33 S.W.(2d) 859. The contract between the parties by which appellant agreed to pay appellee $500 upon the death of the insured is a conditional one. That condition shown by the provision of the certificate above quoted is that sufficient funds must have been paid in by the members of the Loyal Friends of America Benevolent Association to take care of the installments when they became due. The further condition about when the installments are due is of no importance in this case.

■ There is undisputed evidence in this case to the effect that by amendment of appellant's constitution and by-laws the class A certificate of the insured, Carrie Steward, had been consolidated with other class certificates which reduced the value of the certificate involved. Again it is admitted that appellant has at this time a suit pending against E. J. Crawford, its National Grand Secretary, up until the first of 1930, for embezzling funds of the appellant to the astounding sum of $30,000, which J. W. Hunt, appellant's National Grand Master, admits, if collected, would be available for the purpose of paying the claim sued upon. It is also interesting, as well as material, to note that while appellant's constitution and by-laws require the National Grand Secretary to give a bond, none was required of him by the National Grand Master, who is the head officer in charge of the business affairs of appellant. Yet, the secretary was handling thousands of dollars every year of funds paid in by the members of appellant society. We are of the opinion that this record, as a whole, negatives the contention that no funds had been paid in by the members of appellant society sufficient to pay appellee's claim, but, on the contrary, appellant's testimony is more to the effect that there are no funds on hand available for the purpose of taking care of the claim of this certificate, and to this effect are the issues requested by the appellant to be submitted to the jury which the court refused. As before stated, the condition upon which appellee's recovery was limited was whether sufficient funds had been paid in by the members to take care of the claim sued upon, and not whether there was presently on hand sufficient funds to pay the claim. The provisions of the constitution and by-laws above quoted go no further, in our opinion, than to direct how and when the funds paid in by the members should be distributed. This court will not go on record as denying a recovery on this certificate when it is made to appear that appellant has reduced the value of the insured's certificate by consolidating it with other classes of certificates of less value, and especially when the society has a claim in the form of a suit for embezzled funds which, in law, is an asset of the appel-

lant. Appellant, in our opinion, is liable to its certificate holders who have claims for whatever amount it may be shown the Grand Secretary embezzled of the funds of appellant irrespective of whether such embezzled funds are recovered or not. To hold otherwise would be to say that, notwithstanding the members of appellant society paid in their dues in sufficient amounts to take care of all claims on the certificates, appellant could defeat its liability for such claims by a simple showing that one of its grand officers in charge of its funds had embezzled the same, and certainly no such construction should be indulged.

■ As we view the record, no effort was made by appellant's officers to show how much money had been paid in by its members and the disposition made thereof. In fact, the testimony of the officers in charge, on cross-examination, is to the effect that they did not know just how many members were now in the society or just how much money had been paid in for all purposes. This character of testimony would tend to conceal the material facts. The testimony that they had exhausted all funds on hand available for the purpose of paying this claim, in our opinion, should be held as nothing more than a conclusion of the witnesses.

■ We sustain appellant's contention that appellee is not entitled to recover the penalty and attorney's fees. The appellant, under the statute, is a fraternal benefit society and as such is exempt from the payment of attorney's fees. It is true that article 4831a, now in effect, authorizes such a recovery; but at the time of the death of the insured in this case such article was not in effect, and for that reason not applicable in this case.

The judgment of the trial court will be reformed so as to allow appellee a recovery of $300 only, and as so reformed will be affirmed.