

# THE ATTORNEY GENERAL
# OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

XXXXXXXXXXXXXXXXX
~~WILL WILSON~~
ATTORNEY GENERAL

Hon. O. P. Lockhart
Chairman
Board of Insurance
Commissioners
Austin, Texas

Opinion No. O-3185
Re: The authority of the Board of In-
surance Commissioners to advise members
of a fraternal benefit society as to
their rights under their original certi-
ficates issued to the members of the
society, and whether so advising such
members would be in violation of the
provisions of Article 4855, Revised

Dear Sir:

Civil Statutes.

We quote from your letter of November 6, containing
your amended request for an opinion of this department in lieu
of your original request under date of August 4, 1941, as follows:

"A fraternal benefit society incorporated under the
laws of Texas and now operating under the provisions of
Chapter 8, Title 78, R.C.S. 1925 as amended, for many years
issued benefit certificates at wholly inadequate premium
rates, and in a great many instances these policies were
what is commonly known as a twenty payment life certificate,
that is, premiums, in accordance with the terms of the con-
tract, were to be paid for twenty years only. Such society
by recently enacted amendments to its constitution, char-
ter, and by-laws, effected without the consent of the ex-
isting certificate holders (unless such general consent
thereto in advance is validly provided by the certificate
provisions hereinafter quoted), is purporting to alter sub-
stantial and material terms and provisions of the preexist-
ing contracts by rerating certain members of the society
designated as Class A and Class C members and forcing such
members without their present assent either to pay very
greatly higher dues and assessments or by reducing the
amount of insurance granted by the certificates or by forc-
ing such members to transfer from one class to another, ac-
cepting in lieu of their original certificates new and other
certificates or benefits of substantially less value and
advantage to the members than their original certificates;
the weapon of coercion being their assertion that the
classes to which the members originally belonged are in-
solvent or threatened with insolvency and that the existing
certificates will be virtually valueless unless the members
accede to the demands of the society.

"Such original certificates contain substantially the
following provisions:

"Provided that this Order shall not be liable for the payment of any sum hereunder, unless said member has fully complied with all the terms and conditions of its Constitution and Laws now in force or which may hereafter be adopted and has not untruthfully answered any question or made any untruthful statement in the application, or untrue statements to the medical examiner of the Order upon the faith of which this certificate is issued (said Constitutin, Laws, application, statements and Charter of the Order being expressly made a part thereof). It is expressly agreed that if all dues or assessments (payments) herein shall be paid when due, for a full term of twenty years from date, this certificate shall become an obligation against the Order upon the death of said member without further payments thereon, subject to the terms and conditions of said Constitution.

"We invite your attention to the provisions of Articles 4834 and 4839 especially and ask you to give us your opinion in the above stated circumstances upon the following points:

"1. Does the society have lawful authority to make substantial and material changes in the original benefit certificates without the present assent of the members, especially where such changes are disadvantageous or otherwise unacceptable to the members (a) by materially increasing the dues and assessments, (b) by restoring dues and assessments where the contracts have been paid out as per original terms, (c) by reducing the amount of benefits payable, (d) by arbitrarily transferring or forcing transfers from one class to another or from one form of certificate to another?

"2. If you answer in response to any branch of Paragraph 1, supra, that such attempted action is unlawful and invalid, then state whether or not this Board has any authority, and if so what authority, and under the provisions of what statutory enactments, to correct such abuses.

"3. May this Board lawfully advise members of such societies that they do not have to accept such proposed changes or reductions in benefits but that they may stand upon and enforce by legal process if necessary their original certificate benefits or recover from the society all amounts paid upon same together with legal interest from date of payment?

"4. In so advising members of such society, would the Board violate any provision of Article 4855, R.C.S., or any other legal provision?"

As to your first question, this department cannot

categorically answer same.  Being divided into several parts, (a), (b), (c) and (d), and all relating to certain original benefit certificates of a fraternal benefit society, from the provisions of which the society seeks to make substantial and material changes, we do not have before us a copy of the Constitution, By-laws, the original certificate, or the financial condition of any society with which your department is chiefly concerned, rendering it necessary to make any one or more of the mentioned material changes inquired about.  In this connection it would appear that the question of any such society's right to subsequently, by by-law, materially increase the dues and assessments of original benefit certificates would be affected by whether the by-law was adopted in a manner constituting a waiver on the part of its members to be bound by such increase, and further in this connection, it would be proper to place before us the Board's conclusions or findings and such facts upon which same are based.

In our opinion No. O-3387, rendered to you and approved December 18, 1941, we held that the right of a benevolent or a mutual assessment insurance association to increase its rates is limited to the extent that such increase must be reasonable and necessary.  Of course, this is a fact question upon which your department may pass only in determining whether the society has exceeded its powers, or is conducting business fraudulently or is not carrying out its contracts in good faith in accordance with the statutes hereinafter set forth.  The only authority we find in the statutes for the Board of Insurance Commissioners to question such action on the part of the society is where the Board has uncovered sufficient evidence to show the officers acted arbitrarily, or the by-law authorizing such increase was passed without the assent of its members and these and many other acts on the part of the officers of the society must go to sustain a finding by the department that the society "has failed to comply with any provisions of this chapter (Chapter 8, Title 78), or is exceeding its powers, or is not carrying out its contracts in good faith, or is transacting business fraudulently." (Article 4852 and Article 4856, Revised Civil Statutes)

In the above opinion, we cited the case of Ericson v. Supreme Ruling of Fraternal Mystic Circle, 146 S.W. 160, wherein the Supreme Court of Texas held under the facts of that case that where the assessment of a member was increased from $3.30 to $23.16 per month without his consent, such act was a repudiation of the contract and the member was entitled to a judgment against the society for all assessments paid with interest. Also, citing in this opinion Wirtz v. Sovereign Camp W.O.W., 268 S.W. 438, we followed this case and held that a stipulation in the contract with its members that the insured would comply with and be bound by all future regulations or by-laws of the association

does not mean that the benefits stated in the certificates can be legally reduced without the consent of its members. Although fraternal benefit societies operating under the provisions of Chapter 8, Title 78, Vernon's Annotated Civil Statutes, are expressly excluded from Senate Bill 135, 46th Legislature (Article 5068-1 in Vernon's), their rights under contract with its members are similar to those of mutual assessment companies in respect to the questions raised by you and therefore opinion No. 0-3387 is applicable.

We do not construe Article 4834, Revised Civil Statutes, as furnishing authority to a fraternal benefit society to materially change the amount payable in the certificate issued to its members without their consent. Amarillo Mutual Benefit Association v. Franklin, et al, 50 S.W.(2d) 265.

It seems quite apparent that all four subdivisions of your question No. 1 arise by reason of conclusions drawn from a state of fact or facts not before this department. Consequently, were it possible for us to state our view regarding any phase of the question other than as pointed out, we are of the opinion such would serve no useful purpose, likely to create confusion and harm rather than be helpful. A careful and able digest of our Texas court decisions relating to this subject appears to have been furnished you by your Senior Examiner, Mr. Alfred M. Scott. A review of the authorities therein digested discloses each case decided solely as to the particular facts before the court. A mere conclusion by theBoard of Insurance Commissioners that a society is coercing its members without a finding or report by the Board based upon the submitted facts showing acts of coercion and that by such coercion, the society is not carrying out its contracts in good faith or is transacting business fraudulently would be insufficient for enabling this department to render an opinion, categorically answering your first question.

Proceeding to your questions 2, 3 and 4, above set forth, you point out Article 4855, Revised Civil Statutes, which prohibits certain publications by the Board of Insurance Commissioners as to any society, either domestic or foreign, of any financial statement, report or finding except under certain conditions. This article is to be construed with Articles 4852, 4854 and 4856 of the statutes, each in part hereafter set out and providing:

"Article 4852. The Commissioner (Board of Insurance Commissioners) or any person he may appoint, shall have the power of visitation and examination into the affairs of any domestic society. He may employ assistants for the purpose of such examination, and he, or any person he may appoint, shall have free access to all the books, papers and documents that relate to the business of the society, and may

summon and qualify as witnesses under oath and examine its officers, agents and employes or other person in relation to the affairs, transactions and conditions of the society. The expense of such examination shall be paid by the society examined, upon statement furnished by the Commissioner, and the examination shall be made at least once in three years.  Whenever after examination the Commissioner is satisfied that any domestic society has failed to comply with any provisions of this chapter, or is exceeding its powers, or is not carrying out its contracts in good faith, or is transacting business fraudulently; . . . said Commissioner may present the facts relating thereto to the Attorney General, who shall, if he deem the circumstances warrant, commence an action in quo warranto in a court of competent jurisdiction, and if it shall then appear upon the trial that such society should be closed, said society shall be enjoined from carrying on any further business and some person shall be appointed receiver of such society and shall proceed at once to take possession of the books papers, moneys and other assets of the society, and shall forthwith, under the direction of the court, proceed to close the affairs of the society, and to distribute its funds to those entitled thereto.  No such proceedings shall be commenced by the Attorney General against any such society until after notice has been duly served on the chief executive officers of the society and a reasonable opportunity given to it, on a date named in said notice, to show cause why such proceeding should not be commenced.

"Article 4854.  The Commissioner, or any person whom he may appoint, may examine any foreign society transacting or applying for admission to transact business in this State. The said Commissioner may employ assistants, and he, or any person he may appoint, shall have free access to all the books, papers and documents that relate to the business of the society, and may summon and qualify as witnesses under oath and examine its officers, agents, and employees and other persons in relation to the affairs, transactions and conditions of the society.  He may, in his discretion, accept in lieu of such examination the examination of the Insurance Department of the State, territory, district, province or country where such society is organized. . . . .

"Article 4855.  Pending, during, or after an examination or investigation of any such society, either domestic or foreign, the Commissioner shall make public no financial statement, report or finding, nor shall he permit to become public any financial statement, report or finding affecting the status, standing or rights of any such society until a copy thereof shall have been served upon such society, at its home office, nor until such society has been afforded

a reasonable opportunity to answer any such financial state-
ment, report or finding, and to make such  showing in con-
nection therewith as it may desire.

"Article 4856.  When the Commissioner on investigation
is satisfied that any foreign society transacting business
under this law has exceeded its powers, or has failed to
comply with any provision of this chapter, or is conducting
business fraudulently, or is not carrying out its contracts
in good faith, he shall notify the society of his findings
and state in writing the grounds of his dissatisfaction, and
after reasonable notice require said society, on a date nam-
ed, to show cause why its license should not be revoked. If,
on the date named in said notice, such objections have not
been removed to the satisfaction of said Commissioner, or
the society does not present good and sufficient reason
why its authority to transact business in this State should
not at that time be revoked, he may revoke the authority
of the society to continue business in this State.  All de-
cisions and findings of said Commissioner made under the
provisions of this article may be reviewed by proper pro-
ceedings in any court of competent jurisdiction."

It will be noted that by the provisions of the forego-
ing articles the Board of Insurance Commissioners has the right
of visitation and examination into the affairs of any foreign or
domestic society for determining whether any such society has
failed to comply with any provisions of Chapter 8, Title 78, Re-
vised Civil Statutes, or whether it is exceeding its powers, or
is not carrying out its contracts in good faith, or is transact-
ing business fraudulently.  Assuming you have determined any
such society has exceeded its powers, or is not carrying out its
contracts in good faith, or is unlawfully increasing the dues
and assessments, or unlawfully doing the acts mentioned in your
first question, you would be required under the law to reduce
such findings to writing, serve a copy thereof upon such society
at its home office and afford such society a reasonable oppor-
tunity to be heard.

The principle underlying the organization and opera-
tion of such societies is one of equality and mutuality among
its members.  The advising of its members of a violation of its
contracts by the society would not meet the requirements that a
copy of such findings of the Board of Insurance Commissioners be
first served upon the society at its home office and affording
it a reasonable opportunity to be heard prior thereto.  The pro-
visions of Articles 4852, 4854, 4855 and 4856 above set out af-
ford to the Board the necessary procedure and authority within
the scope of its official duties in dealing with a fraternal
benefit society which is transacting business fraudulently or is

not carrying out its contracts with its members in good faith. The giving of such advice as outlined in your question No. 3 previous to following the procedure outlined in Article 4855, Revised Civil Statutes, would be outside the official scope and duties of the Board of Insurance Commissioners.

From what has been said, we have reached the conclusion and it is the opinion of this department that the advising of members of a fraternal benefit society by the Board of Insurance Commissioners as to their individual rights under the original certificate issued them by the society to the effect that they do not have to accept proposed changes or reductions in benefits but that they may enforce by legal process, if necessary, their original certificate benefits or recover from the society all amounts paid upon same togetherwith legal interest from date of payment, would be prohibited by Article 4855, Revised Civil Statutes, as calculated to affect the status, standing or rights of such corporate society and not in compliance with said statute.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. R. King
Wm. J. R. King, Assistant

APPROVED JUL 29, 1942
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

This opinion considered and approved in limited conference.

WJRK:GO:wb