## SUPREME COUNCIL AMERICAN LEGION OF HONOR V. AMANDA BATTE.

Decided February 10, 1904.

**1.—Contract—Announced Intention to Repudiate.**

Where one party to a contract announces his intention not to perform it, the other may treat the contract as at an end, and recover the amounts paid under it.

**2.—Same—Benefit Insurance—Change of By-Laws.**

The beneficiary in an assessment insurance policy, upon the enactment of a by-law by the governing body reducing the amount payable upon his certificate in case of death from $5000 to $2000, may treat the contract as repudiated by the insurer and maintain suit to recover back the amounts previously paid upon it, though the by-law could have been treated as void and recovery had according to the original contract in case of death.

**3.—Same.**

A by-law of a benefit insurance company reducing the amount payable at death on a benefit certificate, with a proviso for paying the sum originally named "so long as the emergency fund of the order has not been exhausted," was a repudiation of its contract which would authorize suit by the holder of a benefit certificate to recover back the sums paid, though there still remained $400,000 in the emergency fund of the society.

**4.—Repudiation of Contract—Waiver—Election.**

The fact that the holder of a benefit certificate continued the payment of assessments after the enactment of a by-law of the society reducing the amount to be paid on death, was not an election to treat the contract, in such altered form, as still in force, where the payments were made under protest and in hope of a repeal of the by-law.

Appeal from the District Court of Milam. Tried below before Hon. J. C. Scott.

*Moore & Moore,* for appellant.

*Hefley, McBride & Watson,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—In this case the evidence establishes the following facts: In August, 1880, appellee became a member of the American Legion of Honor, a fraternal beneficial order, and thereupon the following benefit certificate was issued:

"5000.00. American Legion of Honor.—Benefit Certificate.—This certificate is issued to Companion Mattie A. Batte, a member of Hercules Council No. 265, A. L. H., located at Cameron, Texas, upon evidence received from said council that said companion is a sixth degree contributor to the benefit fund of this order, and upon condition that the statements made by said companion in application for membership in said council, and the statements certified by said companion to the medical examiner, both of which are filed in the supreme secretary's office, be made a part of this contract; and upon condition that the said companion complies, in the future, with the laws, rules and regulations now governing the said council and fund, or that may hereafter be enacted by the supreme council to govern said council and fund.

"These conditions being complied with, the Supreme Council of the

A. L. H. hereby promises and binds itself to pay out of its benefit fund to W. T. Hefley a sum not exceeding five thousand dollars, in accordance with and under the provisions of the laws governing said fund, upon satisfactory evidence of the death of said companion and upon the surrender of this certificate that said companion is in good standing in this order, at the time of death, and provided also that this certificate shall not have been surrendered by said companion and another certificate issued in accordance with the laws of this order."

Appellee paid all of her assessments, up to and including the 2d day of September, 1901. In August, 1900, the Supreme Council of the American Legion of Honor enacted the following by-law:

"Two thousand dollars shall be the highest amount paid by the order on the death of a member under any benefit certificate heretofore or hereafter issued. This sum shall be paid on the death of every member holding a benefit certificate of two thousand dollars or over; and one thousand dollars on the death of every member holding a benefit certificate for that amount; and five hundred dollars on the death of every member holding a benefit certificate for that amount; provided that if at the death of said member one full assessment upon each of the members of the order will not amount to the full sum of two thousand dollars, then the amount to be paid to the beneficiaries of said deceased member shall not exceed the amount collected by said assessment, if said member's benefit certificate is for two thousand dollars; one-half of the amount if the benefit certificate is for one thousand dollars; and one-quarter of the amount if the benefit certificate is for five hundred dollars. And provided that the *face* value of the benefit certificate shall be paid, so long as the emergency fund of the order has not been exhausted. And provided that the said member shall, at the time of death, be a member of the order in good standing, and shall have complied with all the laws, rules and regulations of the order as they now are, or as they may be hereafter from time to time altered or amended."

August 21, 1901, said supreme council amended the foregoing by-law by dropping the word "face" from the next to the last sentence thereof. After the enactment of said by-law appellee protested against said action, but continued to pay her regular assessments, until September 2, 1901; and the evidence warrants the conclusion that she continued to pay the assessments for this time under a reasonable expectation that the supreme council might be induced to change its action with reference to said by-law. On this date, however, she abandoned this expectation, and because of said by-law and the amendment thereto, she declined to pay any further assessments, and elected to treat said contract as rescinded; and on April 9, 1903, brought this suit in the District Court of Milam County, Texas, to recover back the premiums which had been paid by her during her membership.

It was admitted that appellee had the right, under the constitution and by-laws of the society to change the beneficiary in said certificate at any time she desired. The premiums paid by her during her mem-

bership amounted to the sum for which judgment was rendered for appellee.

*Opinion.*—This suit was brought by appellee upon the theory that the by-law above set out and the amendment thereto amounted to a repudiation upon the part of the supreme council, which authorized appellee to treat said contract as rescinded and recover the premiums paid by her.

There is some conflict in authority as to whether the declaration of one party to an executory contract, that he will not perform the contract, will authorize the other party to treat said contract as rescinded. The great weight of authority, however, both in England and in the United States, is in favor of the doctrine of an anticipatory breach of such contracts. 1 Beach on Contracts, secs. 409-415; Roehm v. Horst, 178 U. S., 1, where many cases are cited and discussed; Insurance Co. v. McAden, 109 Pa., 399; Strauss v. Mut. Reserve Ass'n., 126 N. C., 171; same case on rehearing, 128 N. C., 466; Van Warden v. Insurance Co. (Iowa), 68 N. W. Rep., 892; Black v. Supreme Council Amer. Legion of Honor, 120 Fed. Rep., 580; Supreme Council v. Gamboti, 69 S. W. Rep., 114.

From the authorities above cited, we take it to be well established that in a contract of this character, where one party announces his intention not to perform the contract, the other may treat the contract as at an end, and recover the amounts paid under it.

It is insisted in this case, however, that the enactment of the by-law in question and its subsequent amendment did not amount to a repudiation of liability under the contract. It was shown that at the time of the passage of said by-law, and at all times since, there was in the emergency fund of the appellant more than $400,000. The evidence did not show the amount of outstanding policies or other demands which would be enforcible against this fund. In our opinion, however, the enactment of this by-law constituted a substantial repudiation of the contract. The benefit certificate upon its face provided for the payment of the sum of $5000 out of the benefit fund of the order. The by-law was, in effect, an announcement that the appellant would only pay $2000 out of the benefit fund, and would only pay the remaining $3000 provided that amount could be paid out of the emergency fund of the order. While there might be a sufficient amount at present in the emergency fund to satisfy the policy, there is no assurance that this would be true at the death of appellee.

The by-law itself was, in our opinion, unauthorized, and appellee might have treated it as void, and in case of death, recovered under the original contract. Bottger v. Supreme Council Amer. Legion of Honor, 79 N. Y. S., 684; Williams v. Same, 80 N. Y. S., 713; Weber v. Supreme Tent Knights of Maccabees, 172 N. Y. S., 490; Morton v. Supreme Council of Royal League, 73 S. W. Rep., 259, and cases cited. This opinion was intimated, though not positively stated, in the case of Supreme Council v. Story, 7 Texas Ct. Rep., 517. Instead of doing

this, however, under the authorities above cited, appellee had the right. to accept the repudiation made by appellant and treat said contract as ended, and recover the amount of premiums paid.

It is insisted by appellant that the payment of premiums by appellee after notice of the by-law and its amendment, showed an election on her part to treat the contract as still in force. This, however, was a question of fact to be determined by the court, and, in view of the evidence which shows that these subsequent payments were made with the expectation that the by-law might be repealed, we are of the opinion that the court was justified in finding that the appellee had not elected to accept the action of appellant, or to treat the contract as still in force.

Finding no error in the judgment of the court, it is affirmed.

*Affirmed.*

Writ of error was refused by the Supreme Court, May 2, 1904.