CORNELIUS v. HARRIS.

(Court of Civil Appeals of Texas. Amarillo. Jan. 3, 1914. Rehearing Denied Feb. 7, 1914.)

1. APPEAL AND ERROR (§ 745*)—ASSIGNMENTS OF ERROR—FILING IN TRIAL COURT.

Under Rev. Civ. St. 1911, art. 1612, as amended by Acts 33d Leg. c. 136, providing that appellant or plaintiff in error shall in all cases file with the clerk of the court below all assignments of error, distinctly specifying the ground on which he relies, but that, when a motion for a new trial has been filed, the assignments therein shall constitute the assignments of error and need not be repeated by the filing of the assignments, and that all errors not distinctly specified are waived, rule 101 (159 S. W. xi), as amended, providing that the appellant or plaintiff in error shall file his assignments in the trial court as provided by article 1612, and rule 101a (159 S. W. xi) providing that, in all cases in which a motion for a new trial is filed, the assignments contained therein shall constitute the assignments of error, and that all errors not distinctly specified in such motion or in the assignments of error when motion for a new trial is not filed shall be waived, where there is no motion for a new trial, assignments of error may be filed in the trial court and brought up in the transcript.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3039, 3042; Dec. Dig. § 745.*]

2. APPEAL AND ERROR (§ 294*)—RESERVATION OF GROUNDS OF REVIEW—CONCLUSIONS OF FACT AND LAW.

Under Rev. Civ. St. 1911, art. 1991, providing that it shall be sufficient for the party excepting to the conclusions of law or judgment to cause it to be noted on the record of the judgment entry that he excepts thereto and that such party may thereupon take his appeal without a statement of facts or further exceptions in the transcript, but that the transcript in such cases shall contain the special verdict and conclusions of fact and law and the judgment thereon, a party excepting to the judgment may appeal on a statement of facts without having conclusions of fact and law filed, and may attack the sufficiency of the evidence as matter of law to support judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1724, 1725, 1727–1735; Dec. Dig. § 294.*]

3. VENDOR AND PURCHASER (§ 105*)—RESCISSION—EFFECT—BY VENDOR.

Where a vendor refused to convey, he could not, in an action by the purchaser for damages, set aside his election to retain the land and recover a judgment for the money due under the contract with a foreclosure of the vendor's lien thereby reserved.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 183–187; Dec. Dig. § 105.*]

4. VENDOR AND PURCHASER (§ 353*)—BREACH BY VENDOR—ACTIONS—JUDGMENT.

A purchaser, suing for damages for his vendor's breach of the agreement to convey, has no lien, equitable or otherwise, for his damages where he has placed no improvements on the land and has discharged no lien, and hence, in such an action, a foreclosure was improperly granted except for the amount of taxes paid by the purchaser.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 1060; Dec. Dig. § 353.*]

5. APPEAL AND ERROR (§ 934*) — REVIEW — QUESTIONS OF FACT.

In a purchaser's action against a vendor for breach of his agreement to convey, where the evidence was conflicting whether the purchaser was able, ready, and willing to comply with the contract on his part when the vendor refused to do so, the evidence should be viewed in the light most favorable to the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3781, 3782; Dec. Dig. § 934.*]

6. VENDOR AND PURCHASER (§ 343*)—BREACH BY VENDOR—REMEDIES OF PURCHASER.

Where a vendor refused to convey according to his agreement, the purchaser could either sue for specific performance or for damages; he being then ready, able, and willing to comply with the contract.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1023–1029; Dec. Dig. § 343.*]

7. VENDOR AND PURCHASER (§ 170*)—BREACH BY VENDOR—TENDER BY PURCHASER—NECESSITY.

Where a vendor refused to convey, the purchaser, who was ready to perform his part of the contract, was not bound to tender performance.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 344–348; Dec. Dig. § 170.*]

8. APPEAL AND ERROR (§ 1073*) — HARMLESS ERROR—RELIEF NOT ASKED BY PLEADING.

In a purchaser's action against a vendor for damages from the vendor's refusal to convey, in which the petition asked for the cancellation of a note given in part payment or for damages in the amount thereof, the vendor was not prejudiced by the cancellation of a mortgage securing such note, though the petition did not ask a cancellation thereof, since the mortgage was but an incident of the debt and was discharged when debt was canceled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4240–4247; Dec. Dig. § 1073.*]

Appeal from District Court, Armstrong County; Jas. N. Browning, Judge.

Action by C. H. Harris against R. L. Cornelius. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Hugh L. Umphres, of Amarillo, and Fayette Ratliff, of Panhandle, for appellant. J. S. Stallings, of Claude, and Synnott & Underwood, of Amarillo, for appellee.

HUFF, C. J. The judgment in this case was rendered April 17, 1913, and assignments of error filed July 15, 1913. The case was tried before the court without a jury. There are no conclusions of fact and law filed by the trial judge, and no motion for new trial filed in the court below. The case is in this court on a statement of facts, pleadings, judgment, and assignments of error thereon. The appellant excepted to the judgment of the court, and had the same entered in the judgment, and gave notice of appeal.

The appellee has filed his motion to strike out the assignments of error which were filed in this court more than 30 days after the record was filed herein, and also objects to the assignments in the brief because no motion for new trial was filed in the trial court.

[1] The judgment and appeal herein were taken after article 1612, R. S. 1911, was amended by the Thirty-Third Legislature, c. 136, p. 276, and which took effect April 4, 1913. As amended, the article reads: "The appellant or plaintiff in error shall in all cases file with the clerk of the court below all assignments of error, distinctly specifying the grounds on which he relies, before he takes the transcript or record from the clerk's office: Provided, that where a motion for new trial has been filed the assignments therein shall constitute the assignments of error and need .not be repeated by the filing of the assignments of error: And provided further, that all errors not distinctly specified are waived, but an assignment shall be sufficient which directs the attention of the court to the error complained of." On the 25th day of June, 1913, the Supreme Court amended the rules. Rule 101 (159 S. W. xi): "The appellant or plaintiff in error shall file his assignments of error in the trial court as provided by article 1612 of the Revised Civil Statutes of 1911, as amended by chapter 136 of the Acts of the Thirty-Third Legislature," etc.—and added rule 101a (159 S. W. xi): "In all cases in which a motion for a new trial is filed the assignments contained in such motion or amended motion as finally ruled upon by the trial court shall constitute the assignment of error. *All error not distinctly specified in such motion, or in the assignments of error when motion for a new trial is not filed, shall be waived.*" (Underscoring ours.) Certainly there can be no doubt that the Legislature, as well as the Supreme Court, recognized that, where there is no motion for new trial, assignments of error can be filed in the trial court and brought up in the transcript. It is urged that rule 71a (145 S. W. vii), added to the rules as amended January 24, 1912, required a motion for a new trial before appeal. The rule in part is: "A motion for a new trial shall be filed in all cases where parties desire to appeal from a judgment of the trial court, * * * except in such cases as the statute does not require a motion for a new trial." The statute, as amended, permits assignments to be filed when there is no motion for new trial, as we interpret the statute and the amended rules above set out.

[2] Article 1991, R. S. 1911: "It shall be sufficient for the party, excepting to the conclusions of law or judgment of the court, to cause it to be noted on the record in the judgment entry that he excepts thereto; and such party may thereupon take his appeal or writ of error without a statement of facts or further exceptions in the transcript; but the transcript shall in such case contain the special verdict or conclusions of fact and law aforesaid and the judgment rendered thereon." If the party excepts to the judgment entry he is entitled to appeal and may take the case upon a statement of facts and is not required to maintain his right of appeal to have filed conclusions of fact and law. The statute gives the right of appeal upon the proper exception being noted. The appellant in this case excepted to the judgment and had the same entered in the judgment. Greer v. Featherston, 95 Tex. 654, 69 S. W. 69. In the above case the Supreme Court said, in answer to certified questions from the Second district: "No motion for new trial is necessary to authorize the attorneys and the court to make up and sign the statement of the facts upon which the judgment is based; and, when the facts are thus stated, the record is sufficiently complete to enable the appellate court to decide whether, under the most favorable view of the facts, the successful party was entitled to the judgment entered. The question propounded to us may be expressed thus: Upon this statement of facts, should the court have instructed the jury to find a verdict for the defendant? This presents a question of law, and there could not possibly be any reason to make a motion for a new trial, because the court must have passed upon every phase of the evidence that could arise." As we gather from the report of that case in 95 Tex. 654, 69 S. W. 69, and 68 S. W. 48, there was no conclusion of facts and law filed in the trial court. This case we also think established that, upon excepting to the judgment, the aggrieved party had the right of appeal upon a statement of facts.

Whatever may be the construction placed on rule 71a for the district courts (145 S. W. vii) and rules 24 and 25 for Courts of Civil Appeals (142 S. W. xii) as to the assignments of error, we think, under the present statute and rules heretofore quoted, assignments of error may be filed when there is no motion for new trial. Under Greer v. Featherston, supra, appellant may, we think, assail the

judgment rendered on the ground that, as a matter of law, the evidence is not sufficient to support the same. The Supreme Court said, in the case of Railway Co. v. Beasley, 155 S. W. 183, that that court could not by a rule set aside the statute, and the rules must be construed to harmonize with the statute and the former decisions of the Supreme Court. We believe that in the holding that assignments filed where there is no motion for new trial, calling in question the sufficiency of the evidence as a matter of law, may be considered and is in harmony with the statute and the decisions of the Supreme Court. Telegraph Co. v. Mitchell, 89 Tex. 441, 35 S. W. 4; City of Austin v. Forbis, 99 Tex. 234, 89 S. W. 405. We have therefore concluded it to be our duty to consider such assignments which may properly call in question the judgment of the court.

This is a suit brought by C. H. Harris, the appellee, against R. L. Cornelius, appellant, in the district court of Armstrong county, alleging a breach of the contract and for damages. The contract entered into between the parties is as follows: "This memorandum of agreement made this October 31st, 1911, by and between R. L. Cornelius of Panhandle, Texas, party of the first part, and C. H. Harris of Groom, Texas, party of the second part, witnesseth: Party of the first part, for and in consideration of the premises hereinafter contained, has this day bargained, sold and agreed to deliver to party of the second part, and by these presents does hereby agree to sell and convey to the party of the second part, the following described land and real estate, situated in Armstrong county, Texas, and described as survey No. 81, in block B3, in said county, and located by certificate No. 15—3317, H. & G. N. Railroad Company original grantee, and containing six hundred and forty acres of land, more or less. (1) In consideration of the above-named conveyance, party of the second part covenants and agrees to pay to the party of the first part the sum of $500 on or before the 1st day of March, 1912, or to execute and deliver to said party of the first part in lieu therefor a good bankable note for said amount to be approved by party of the first part. (2) Said party further agrees to pay $2,700.58 on or before September 1st, 1912, as the second payment. As the third payment said party of the second part agrees to pay $1,600.29 on the 1st day of September, 1913, and $1,600.29 on the first day of September, 1914, all of said respective amounts to bear interest at the rate of ——— per cent. per annum interest payable annually. For said last two amounts party of the second part agrees to execute and deliver to said party of the first part his vendor's lien notes. Party of the second part further agrees to thresh and deliver to said party of the first part two-thirds of his one-third part of sorghum now growing on said land, or the proceeds of same, as soon as same can be threshed. Party of the second part finally agrees to pay all back taxes on said land including the tax for the year 1911, to settle all attorney's fees now due and owing to one Fayette Ratliff in bringing and prosecuting a suit of foreclosure against said land in the district court. It is further agreed that said party of the first part shall execute and deliver deed conveying the afore-described land on the first day of September, 1912, provided party of the first part has in all things complied with his part of this contract, otherwise, this contract shall become null and void, and all amounts heretofore paid by party of the second part shall be forfeited as liquidated damages. In witness whereof, we have hereunto set our hands this the 31st day of October, A. D. 1911."

The petition in this case, after setting out the terms of the contract, alleged the breach of the same in that the appellee had performed all the conditions of the contract required of him, and that the appellant refused to perform his contract by making the conveyance of the land, as stipulated in the contract, and that he (appellee) was ready, able, and willing to pay the money, execute the notes required of him by the contract, and demanded the execution of the contract, but that the appellant refused to do so. He alleges that he had theretofore executed a note for the sum of $500, with approved security which appellant had accepted on the contract, and that appellant still retained and held the same; that he had paid certain taxes, attorneys' fees, and certain other moneys unnecessary to mention, which the appellant retained, and also further alleged that he had been damaged in certain amounts, and prayed for judgment for such damages in the sums of money so paid by him, and the cancellation of the note which had been theretofore turned over to the appellant on the trade. The appellant, as defendant, denied generally the allegations of the petition, and also alleges that the appellee had utterly failed at all times to comply with the contract, and that he was unable to pay the sums of money contracted to be paid, and had already failed to pay the note which he had executed and had failed to pay the sum of $2,700, which under the contract was to have been paid September 1, 1912, and he asked to have a foreclosure of his lien on the land for the purchase money.

The court rendered judgment for the plaintiff for the amount of $1,385 and foreclosed the lien on the land for said amount, and also rendered a judgment canceling the note that had been given by appellee to appellant for the sum of $500, and a certain mortgage which had been given to secure that note.

[3] The appellant, by his first assignment of error, complains that the court did not foreclose the vendor's lien on the land for the payment of the purchase money agreed to·

be paid according to the terms of the contract. As evidenced by the judgment of the court, he must have found that appellant had renounced the contract and thereby breached it. After breaking the contract and renouncing, appellant could not reinvigorate the contract by asking the court to determine whether it was an option contract or an executory contract, and, if the latter, give him a judgment for money due thereon with foreclosure. After committing a wrongful breach and forcing appellee thereby into court to obtain his rights, appellant was in no position then to say he was ready to perform according to the terms of the contract. By his action he retained the land, refusing to deed it, and also sought a foreclosure. Having once elected to hold the land, he will not be permitted thereafter to set aside his election and do what he had theretofore wrongfully refused to do. Under the findings of the court, a judgment of foreclosure was properly refused. Railroad Co. v. Richards, 152 Ill. 59, 38 N. E. 773, 30 L. R. A. 33; Kelly v. Short, 75 S. W. 877.

[4] Appellant's second assignment of error is to the effect that there was error in declaring a lien on the land for the sum of $1,385, damages found due appellee, and decreeing a foreclosure of the lien against the land. The pleadings in this case ask for damages for the breach of the contract. The damages sought to be recovered were for a note of $500 delivered to appellant under the contract as earnest money or the first payment on the land, also attorneys' fees paid to a certain attorney by appellee for appellant for $50, taxes $55, and $100 paid as rent by mistake, and the difference between the contract price and the market value of the land at the time of the breach. We do not think the pleadings in this case show an implied equitable lien or, as for that matter, any other sort of a lien, except it be for the taxes paid by the appellee on the land. If he paid the taxes, perhaps the court was warranted in fixing the lien on the land for that amount and foreclosing it. The other items set up, by no rule of equity or law that we are familiar with, fixed a lien on the land. If appellant damaged appellee by failing to deed the land as he agreed to do, we do not see how such wrong fixed a lien on the land. There were no improvements placed on the land under the contract or the discharge of any lien, either equitable or legal, except the taxes against the land. It is a suit for damages on a plain breach. The authorities cited by appellant we do not regard as applicable to the facts in this case. McCaghren v. Balch, 152 S. W. 680.

[5] Appellant assigns error to the judgment of the court by the third, fourth, sixth, seventh, eighth, ninth, tenth, twelfth, fourteenth, and fifteenth assignments, which we think may be treated together. These several assignments, in different form, present the proposition that, before appellee could recover, the evidence must show that he tendered the money due on the contract, and that he was then ready and able to pay the same, and that the facts wholly fail to show his ability to pay, or that he made a tender of payment in accordance with the contract. In this case we think the evidence sufficient to support the judgment of the court that the appellant renounced liability on the contract and refused to carry it out as he had agreed to do. The facts support the judgment that the note for $500, with security, was executed in lieu of the cash payment called for in the contract and was accepted by appellant. It further shows that both parties, in dealing under the contract, extended the time for the payment of the $2,700. There were negotiations between them on foot for some time with reference to trades by which appellant was to take other land for the $2,700, but this appellant declined to do, and thereupon appellee made arrangements to pay the money, and, when he announced his readiness to complete the contract and pay the money, appellant refused to deed the land to him or to complete the trade according to the terms of the contract. The evidence is conflicting on this point. The appellee's testimony shows he was, at the time he demanded the deed, able, ready, and willing to pay the money and execute the other notes called for in the contract. The court having found he was so ready, able, and willing, even though there may be circumstances throwing doubt on his ability and readiness, yet the fact having been resolved in his favor by the trial court, we think the evidence should be viewed in the light most favorable to the judgment, and, so viewing it, we find it sufficient to support the judgment.

[6] When appellant announced he would not complete according to the agreement, appellee had either of two remedies: To sue for specific performance or for damages. His cause of action arose when the appellant refused to deed the land and comply with the terms of the contract, and, when appellant showed his readiness and ability at that time to perform his part of the agreement and a willingness to do so, he was entitled to recover his damages, occasioned by the breach. Brown v. Binz, 50 S. W. 483; Greenwall v. Markowitz, 97 Tex. 479, 79 S. W. 1071, 65 L. R. A. 302; Kilgore v. Educational Society, 90 Tex. 139, 37 S. W. 598; Supreme Council v. Batte, 34 Tex. Civ. App. 456, 79 S. W. 629; 9 Cyc. 635 and 724.

[7] It is insisted by appellant herein that the appellee did not make a legal tender of the money to appellant due on the contract, and therefore he could not recover in this case. The case of Cook v. Doggett, 2 Allen (Mass.) 439, cited by appellant, we think states the rule governing this case. "It is very clear," says that court, "on the authorities, that the judge, at the trial, correctly in-

structed the jury that, if the defendant refused to perform his part of the contract, the plaintiff could maintain this action by showing he was ready to perform his part, without showing a tender. According to the contract, concurrent acts were to be done by the parties; the defendant to execute the deed, and the plaintiff to pay money. In such case, if one party refuses to do what he had engaged to do, the other party need not do, nor formally offer to do, what he had engaged to do; readiness to do it being all that he needs to allege or prove." The above assignments are each and all overruled.

[8] The appellant, by his fifth assignment, assails the judgment in canceling a certain mortgage given to secure the $500 note executed by appellee under the contract for the first payment, because there was no allegation in the petition asking that the mortgage be so canceled. The appellant sues for damages in the amount of this note or to cancel the note. The court did not give damages in the amount of the note but canceled the same. It seems the judgment also cancels a mortgage on certain property which was given to secure the note. The mortgage was but an incident of the debt, and, when it was canceled, that discharged the mortgage. Canceling the mortgage by the judgment did not in any way injure the appellant, as the court canceled the note and was authorized to do so by the pleadings and evidence.

The eleventh assignment of error is overruled. We think the court adopted the proper measure of damages. The evidence as to the value of the land supports the amount found by the court.

The judgment, we think, should be reformed so as to foreclose a lien against the land for the sum of $55 only, the amount paid by appellee on the taxes due against the land, and that there should be only a personal judgment for the balance of the amount found by the court, to wit, for the sum of $1,330 against appellant. The judgment as reformed will be affirmed, with costs against appellee.