AMERICAN NAT. INS. CO. v. WILSON.
(No. 442.)

(Court of Civil Appeals of Texas. El Paso.
May 6, 1915.)

1. APPEAL AND ERROR ☞742—HEALTH INSURANCE — ACTION FOR BREACH — APPEAL AND ERROR—SCOPE OF ASSIGNMENT OF ERROR.

Under an assignment of error on appeal in an action on a policy of health insurance that the correct measure of damage was the amount of the claim of the assured under the policy, which defendant refused to pay, and not the premium paid, a proposition questioning the sufficiency of the facts alleged and proved to show plaintiff entitled to a rescission could not be considered, not being germane to the assignment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742.]

2. INSURANCE ☞237—HEALTH INSURANCE—BREACH—DAMAGES.

Where there is a mere refusal, not amounting to total repudiation of the contract on the part of an insurance company, to pay sick benefits to which the insured is entitled under a policy of health insurance, the measure of damages is the amount of the payments to which plaintiff is entitled under the contract.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 513–515; Dec. Dig. ☞237.]

3. INSURANCE ☞237—HEALTH INSURANCE — BREACH—RESCISSION.

Where defendant insurance company, upon sickness of the plaintiff, not only refused to pay the sick benefits to which plaintiff's health policy entitled him, but absolutely repudiated all liability, claiming that the instrument was a life policy, the breach was such a complete repudiation of the insurer's contract as to give the plaintiff the right to rescind and to recover as his measure of damages premiums paid, with interest, less any amount of payments which might have been made to him under the contract.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 513–515; Dec. Dig. ☞237.]

Appeal from Harris County Court; Clark C. Wren, Judge.

Action by Horace Wilson against the American National Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Lane, Wolters & Storey, of Houston, Williams & Neethe, of Galveston, and Jones, Jones & Hardie, of El Paso, for appellant. Atkinson, Graham & Atkinson, of Houston, for appellee.

WALTHALL, J. Appellee instituted this suit to recover of appellant the sum of $156, alleged to have been paid to it by appellee as premiums under an insurance policy originally issued to appellee by the Southern Mutual Benefit Association, and subsequently assumed by appellant. Under the terms of the policy, appellant agreed to insure appellee against loss by reason of sickness for not exceeding $8 per week. Appellee alleged that he had a spell of sickness which confined him to his bed for four weeks, entitling him to the sum of $32, under the terms of the policy; that appellant had refused to pay appellee any amount whatever; that the refusal to pay the amount claimed was a repudiation of the policy. The trial in the county court at law resulted in a judgment for appellee in the sum of $120, being the amount of premiums paid, less the amount of sick benefits received.

[1] The appellant presents one assignment of error, claiming the correct measure of appellee's damage to be the amount of his claim under the policy which appellant refused to pay, or $32 for the four weeks of illness, and not the amount of premiums paid under the policy. Appellant's first proposition, questioning the sufficiency of the facts alleged and proved to show him entitled to a rescission of the insurance contract, is not germane to the assignment, and cannot be considered. There is no statement of facts in the record. The second proposition under the assignment is to the effect that the correct measure of damage is the amount fixed by the terms of the policy; that is, $8 per week for each week appellee was disabled by sickness.

The court found that on account of illness appellee was entitled to demand and receive a sick benefit under the terms of the policy, and that appellant had refused to recognize appellee's policy, claiming that appellee's policy was a life policy, and refused to rectify the mistake, and refused to pay the amount, and by refusal to pay had breached and repudiated its contract, and that the amount of money paid by appellee as premiums on the policy, less the benefits received on another occasion of illness, was the measure of damage; that appellee had paid as premiums the sum of $152, and had received as benefits $32, and rendered judgment for $120, without interest on the premiums paid, in appellee's favor for said amount.

The appellant does not question the correctness of the trial court's findings of fact and conclusions that appellant had breached and repudiated its contract without cause. Appellee evidently had a cause of action. He could, had he so desired, brought his suit to enforce specific performance. But he also could sue to recover his damages for the breach of the contract. Appellee elected to sue for damages.

[2, 3] In this case, if there had been a mere refusal upon the part of the insurance company to pay the $8 per week during the time appellee was disabled by sickness, then, in our judgment, there is no question but that the measure of damage would be simply $8 per week for the four weeks appellee was sick; but there was something more than a mere refusal to pay this sick indemnity. There was, without cause, a complete breach and repudiation by the company of the policy which it had, in fact, given plaintiff, and a claim made by it that he had an entirely

different policy. The plaintiff had the right to demand of the company not only that it pay him the sick benefit which had already accrued, but that it should continue to bear the burden of the policy, with all of its other provisions, so long as he paid his weekly assessments, and there was a complete repudiation by the company of all these obligations by its refusal to recognize the policy which the plaintiff held, thus giving to the plaintiff a right of rescission.

As to the proper measure of damage for the wrongful cancellation or repudiation of a contract of insurance, the authorities are conflicting as to the conclusions reached. In some a cancellation or repudiation is treated as an ordinary breach of contract entitling the person aggrieved to recover as his damages the actual value of the thing destroyed; that is, the actual value of the policy. See cases cited in 3 Cooley's Briefs on Insurance, at page 2845. But there are numerous cases which take an entirely different view of the question of the correct measure of damage. A breach of contract by the insurer may, they argue, be treated as a rescission of the contract, which, when accepted by the insured or beneficiary, justifies an action for all the premiums paid thereunder. So far as these cases touch upon the benefit of the potential, but unrealized, insurance effected by the policy in the past, they regard it of such an indefinite and intangible nature as not to demand consideration in fixing the rights of the insured after the rescission. Furthermore, the cancellation or breach occurring by the act of the insurer, it is not entitled to demand compensation for any protection furnished while it is at the same time refusing to carry out its share of the contract in the future.

The reasons for this line of argument are not always clearly stated in the decisions, but it is believed that the cases announcing that rule are based upon those considerations. See 3 Cooley's Briefs on Insurance, p. 2848. This seems to be the rule recognized by the Texas courts. It was first announced in Supreme Council, etc., v. Batte, 34 Tex. Civ. App. 456, 79 S. W. 629, by the Austin Court of Civil Appeals. In this case such a change in the policy was insisted upon by the insured as amounted to a repudiation of the contract, and it was held that it constituted such a repudiation by the insurer of its obligations under the policy as would authorize the insured to rescind the contract and treat the same as at an end, and recover back the amounts paid under it. There were a number of companion cases to this, viz., Supreme Council, etc., v. Hellfey, 79 S. W. 1199; Supreme Council, etc., v. Cochran, 81 S. W. 1276; Supreme Council, etc., v. Cross, 81 S. W. 1276; Supreme Council, etc., v. Repsdorph, 81 S. W. 1277; Supreme Council, etc., v. Sweiss, 81 S. W. 1277; Supreme Council, etc., v. Whalley, 81 S. W. 1277, 1278; Supreme Council, etc., v. Williford, 81 S. W.

1278. Writs of error were refused by the Supreme Court in the original and each of the companion cases, and thereafter, in a similar case, Ericson v. Supreme, etc., 105 Tex. 170, 146 S. W. 160, the Supreme Court directly passed upon the question and held that:

"The rerating of Ericson's policy without authority, whereby the assessment against him was so greatly increased, was a repudiation of his contract and gave him the right to recover the sums paid with interest"—citing in support thereof the Batte Case, supra.

To the same effect is Supreme Lodge v. Mims, 167 S. W. 835; also Insurance Co. v. Wood, 57 S. W. 685.

In 19 Am. & Eng. Ency. of Law (2d Ed.) 98, it is said:

"One holding a policy in a company which wrongfully revokes the policy may elect whether to enforce the contract or treat it as rescinded and recover for the breach, and, if he takes the latter course, it has been held that he may recover back the full amount of the premiums paid thereon, with interest, even though he has had the benefit of the insurance under it from its inception to the time of its wrongful revocation, and even though such revocation would not operate in law to void the policy."

And, further, on page 99, it is said:

"Where, in such case [wrongful repudiation by the insurer], the insured elects to treat the policy as at an end, he is entitled, according to the weight of authority, to recover back all the premiums that he has paid, with interest on each premium from the day it was paid."

In the authority just referred to attention is called to the fact that in cases of repudiation by the insurer it has been held by the Supreme Court of the United States that the amount to which the insured is entitled to recover as damages is the aggregate amount of payments made on premiums, less the value of the insurance of which he has had the benefit, and that in New York the measure of damage has been held to be the actual value of the policy at the time of its breach, by which is meant the amount that the insured would have to pay to replace the broken contract by another of equal value for the same amount of insurance and at the same rate of annual premium. Whatever may be the correct measure of damage for an anticipatory breach of an ordinary life insurance policy which has a cash surrender value, we think it clear that in an ordinary assessment policy, insuring against sickness such as is here considered, that under the authority of the Texas cases above mentioned, it must be held that plaintiff in the case at bar had the right, upon a complete repudiation by the insurer of its obligations upon the policy of insurance issued by it, to treat the policy as at an end and rescind the same, and that his measure of damage was the amount of premiums paid, with interest from date of payment, less the benefit theretofore paid by the insurer; that the potential insurance of which he has had the benefit in the past is of such an indefinite and intangible nature as not to demand consideration in fixing the rights of the insured after the

rescission, and the cancellation accruing by the act of the company, it is not entitled to demand compensation for any protection furnished, while it is at the same time refusing to carry out its share of the contract in the future.

We believe the rule for the measure of damage adopted by the court is the correct rule in this case. The assignment is overruled.

Affirmed.