## HOME BENEV. SOC. v. KEETER.
### No. 1425.

Court of Civil Appeals of Texas. Eastland.
April 5, 1935.

Rehearing Denied May 10, 1935.

Cofer & Cofer, of Austin, for appellant.

Parker & Parker, of Comanche, for appellee.

HICKMAN, Justice.

The appeal is from a judgment in favor of appellee against appellant for the balance due on a benefit certificate for $1,000 issued to R. F. Keeter during his lifetime, in which his wife, Mrs. Belle Keeter, was named beneficiary. Mr. Keeter died on December 29, 1932, and was at that time in good standing with the appellant association. After his death, proof of loss was made in accordance with the terms of the certificate, and the amount due thereon became payable on April 6, 1933. At that time appellant claimed to be unable to pay the amount in full, and sent to appellee a check for $100. Before accepting same, she had a conference with F. H. Shackelford, secretary-treasurer of appellant, and, on account of the representations made by him of the inability of the association to pay the full amount, because of the unusual number of claims, and because of the pendency of a suit against the association by the Attorney General, in which its funds were impounded, it was

agreed that she would accept this $100 check, and a check for a like amount each month thereafter until the full amount of $1,000 was paid. A check for $100 was accordingly sent in May and another one in June, each of which was cashed by appellee, and the amount owing was thereby reduced to $700. Thereafter, in July, 1933, appellant sent to appellee a check for $28.62, which contained the following indorsement: "Prorated amount for settlement in full of all past, present and future rights claimed under above named contract." The letter of transmission informed appellee that appellant was making settlement of all outstanding claims in order to qualify under a new law, designated in the letter as "Bill 303." The letter also advised that the proration was being made in accordance with the by-laws of the association which formed a part of the membership contract. Appellee refused to accept this check upon the conditions imposed, but took same, together with the policy, to Hon. Oscar Calloway, attorney, and employed him to bring suit for the full amount owing. He wrote appellant advising it of appellee's refusal to accept the check, in response to which letter F. H. Shackelford made a personal call upon him, and took up the check in the following manner: Mr. Calloway indorsed appellee's name on the back of the check, by himself as attorney, and received from Shackelford a cashier's check for the same amount on which no notation was indorsed. In that meeting Shackelford explained that some law had been enacted under which the association was compelled to prorate the amount of claims, and that under that law the amount of the check was all to which appellee was entitled. Calloway had no confidence in mutual life insurance companies and, from his experience, thought that $28.62 was a rather large amount for one to ever realize out of a $700 claim against such an organization. He did not undertake to bind his client by any agreement to accept the new check, nor did he have, or claim, the authority to do so. Later Mrs. Keeter called at his office to inquire about the status of her suit and was informed by him that same had never been filed, that he had no confidence in mutual insurance associations, and that $28.62 was more money than one usually gets out of one of these concerns. Whereupon Mrs. Keeter took her policy and check, not knowing at that time, according to her testimony, that a new check had been given. When she discovered that she had a cashier's check on which was no notation regarding a settlement in full, she consulted her banker and some attorneys to obtain their opinions as to whether her rights would be prejudiced by cashing same. Upon being assured that no conditions were imposed, she cashed the check and the instant suit was for the balance of the policy, after deducting the three payments of $100 each, and the one for $28.62. The case was tried before the court without the assistance of a jury, resulting in a judgment in favor of appellee for such balance. No findings of fact or conclusions of law were filed, and we are, therefore, not advised as to the grounds upon which judgment was rendered. In this state of the record it is our duty to affirm the judgment if it is supported on any ground.

It is presented that there was a complete accord and satisfaction of appellee's claim. There are many reasons why we cannot sustain this contention, a few of which will be noted. The demand was liquidated. After the death of Mr. Keeter, and after the furnishing of the proof of loss, appellant admitted its liability to the amount of $1,000, by entering into an arrangement with Mrs. Keeter whereby it agreed to pay her $100 per month, and actually carried out that arrangement in part by paying her $100 per month for three consecutive months. This arrangement conclusively disproves any contention that there was any bona fide dispute as to liability at that time. Nothing transpired after that date and prior to the tender of the check for $28.62 which could give rise to any bona fide dispute. It is claimed that the suit by the Attorney General tying up its funds justified the contention that a lesser amount might be due, but that suit was filed prior to the death of the insured. It was claimed at the time the check was tendered that some new law had been enacted under which appellant had a bona fide claim of a right to prorate, but the testimony shows that no such law had been enacted. Had there been enacted a statute impairing the obligation of the prior existing contract, it would have been void. Fidelity B. & L. Ass'n v. Thompson (Tex. Com. App.) 45 S.W. (2d) 167; Id. (Tex. Com. App.) 51 S.W. (2d) 578. It is claimed that the by-laws of the association had been so amended as to give it the right to prorate its mortuary fund between the several claimants,

but the amendment was prior to the death of the insured. There are other reasons why this last claim could not be made the basis of a bona fide contention. In the first place, there is no proof of any change in the by-laws. Appellant introduced in evidence certain loose leaves of minutes, but these minutes did not purport to be the minutes of appellant, but only of the San Antonio branch of appellant. The home office is Saint Jo, Montague county, and there were branches at San Antonio and Brownwood. There is no showing of any right of the San Antonio branch to amend appellant's by-laws, and, further, the proof is that the insured was a member of the Brownwood branch, and not of the San Antonio branch.

■ In the second place, if it should be conceded that the by-laws were changed by appellant's board of directors, these changes, made without the knowledge or consent of the insured, giving the association the right and authority to pay less than the amount which it had contracted to pay, would not have the effect of altering the pre-existing contract and could not form the basis of a good-faith claim to such right. Ericson v. Supreme Ruling, Fraternal Mystic Circle, 105 Tex. 170, 146 S. W. 160; Wirtz v. Sov. Camp, W. O. W., 114 Tex. 471, 268 S. W. 438; Amarillo Mut. Ben. Ass'n v. Franklin (Tex. Com. App.) 50 S.W.(2d) 264; Sweetwater P. M. L. & A. Ass'n v. Allison (Tex. Civ. App.) 22 S.W.(2d) 1107; Supreme Council, American Legion of Honor, v. Batte, 34 Tex. Civ. App. 456, 79 S. W. 629; Winters Mut. Aid Ass'n Circle No. 2 v. Reddin (Tex. Com. App.) 49 S.W.(2d) 1095; Morton v. Supreme Council of Royal League, 100 Mo. App. 76, 73 S. W. 259; 45 C. J., p. 35.

■ Pursuing this question further, we observe that under the terms of the amended by-laws, even if they were valid and binding, the right of appellant to prorate its mortuary fund was conditioned upon the fact that approved claims were in excess of the net mortuary money received on an assessment or premium call. Appellant did not undertake to exercise this claimed right at the time liability accrued upon this policy, but, as noted above, agreed to pay same in full in monthly installments. There is no authority conferred by the by-laws, as amended, to make the proration months after liability accrued and was acknowledged. That right, if it existed, could have been exercised in April, but not in July, 1933. If the trial court overruled the plea of accord and satisfaction on the ground that it was not supported by any consideration, there being an admission of the amount due, and no ground for a bona fide dispute regarding same, the record well supports the conclusion.

■ The evidence would also support a conclusion that the cashier's check for $28.62 was cashed by Mrs. Keeter without any knowledge on her part that the same had been tendered upon condition. She did have knowledge that the original check for a like amount was tendered upon condition, but it cannot be said, as a matter of law, that she was not justified in assuming that, by tendering another check with no condition indorsed thereon, appellant had thereby withdrawn the condition.

■ It is contended that appellant's liability was conditioned upon the moneys being collected from its membership, and that, in the absence of any testimony as to the amount collected on the assessment made, if one was made, to discharge the liability on the policy in question, the court was not authorized to render a general judgment against the association for the face amount of the certificate. This contention is overruled for two reasons. In the first place, appellant agreed, after the death of the insured, that its liability was $1,000. In the second place, since appellant had access to, and custody of, all of its records, and appellee had neither access to nor custody of same, the burden was upon the appellant, in order to defeat a recovery of the face amount of the policy, both to plead and prove its failure to collect such amount from its membership. Supreme Council v. Mamie Anderson, 61 Tex. 296; Amarillo Mutual Ben. Ass'n v. Franklin (Tex. Com. App.), supra; Sweetwater Progressive Mutual L. & A. Ass'n v. Allison, supra.

Affirmed.